163 So.2d 330 (1964)
Bernard M. SHOTKIN, individually and as President of the Board of Trade, Inc., Appellant,
v.
Herman COHEN Appellee.
No. 63-871.
District Court of Appeal of Florida. Third District.
April 7, 1964.
Rehearing Denied April 30, 1964.
*331 Bernard M. Shotkin, in pro. per.
Herman Cohen, Miami, in pro. per.
Before BARKDULL, C.J., and CARROLL and TILLMAN PEARSON, JJ.
PER CURIAM.
In the exercise of its inherent power to control and prevent abuse of court procedure and interference with the orderly progress of pending matters,[1] this court did issue a rule to show cause directed to the appellant in this cause, which read as follows:
"RULE TO SHOW CAUSE
"BERNARD M. SHOTKIN has heretofore filed what purports to be a Notice of Appeal in the trial court, a copy of which has been transferred to this court pursuant to Rule 3.2(a), Florida Appellate Rules, in which he attempts to seek review of an order entered in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, in a cause wherein he was the Plaintiff.
"It is apparent from the record in this case and from the records in: Shotkin v. Lowe [No. 57-401], Shotkin v. Deehl [No. 62-648], Shotkin v. Deehl [No. 63-78], and State ex rel. Shotkin v. Buchanan [No. 63-86], heretofore filed in this court, that the aforesaid BERNARD M. SHOTKIN either deliberately ignores the rules of procedure applicable to this court, or is unable to understand said Florida Appellate Rules. It is also apparent from the briefs and cases before this court, which are referred to above, that the aforesaid BERNARD M. SHOTKIN has and will continue to file pleadings which contain irrelevant and scandalous allegations, plus material which would subject a member of this bar to possible disciplinary action had he filed same before this court. The said activities on the part of the aforesaid BERNARD M. SHOTKIN *332 are of such a nature as to constitute harassment, inconvenience and disruption of this court's calendar. It is therefore
"ORDERED AND ADJUDGED as follows:
"1. That the aforesaid BERNARD M. SHOTKIN shall show cause in writing, no later than the 20th day of March, 1964, why he should not be prohibited from henceforth representing himself or his corporation in this court in propria persona as appellant in this cause or as appellant in any cases arising from the trial courts of this district wherein he or his corporations were plaintiffs.
"2. That subsequent to the 20th day of March, 1964, this court will enter further orders concerning the disposition of this matter.
"3. Pending determination of this rule to show cause, all matters relating to this appeal are hereby stayed."
Pursuant to the requirement of the rule, Bernard M. Shotkin timely filed what he styled "Appellant's Return to Rule to Show Cause and Complaint", consisting of 16 pages of immaterial, irrelevant and impertinent matter. Rather than demonstrating why this court should not prevent him from representing himself and his corporations in this forum, it was patent upon the face of the return that the said Bernard M. Shotkin [in presenting this, as in the presentation of other matters before this court referred to in the rule] has failed to comply with any of the rules of this court, and the said return, because of its rambling, incoherent, non-responsive statements, and obvious lack of comprehension of the nature of the rules of procedure, amply demonstrates the reason for the issuance of the rule to show cause in the first instance.
Unfortunately, this is not the first time that Bernard M. Shotkin has interfered with the orderly process of judicial administration within not only this jurisdiction but in others. See: Shotkin v. Kaplan, 116 Col. 295, 180 P.2d 1021. We recognize the constitutional mandate that the courts be open to all persons under § 4, Declaration of Rights, Constitution of the State of Florida, F.S.A., and the statutory provisions of § 454.18 Fla. Stat., F.S.A. However, when one person by his activities [not in just an isolated case but in a series of cases] upsets and interferes with the normal procedures of a court that will have approximately 1,000 matters filed before it this year, it becomes necessary to exercise restraint upon such person. This is so because the remainder of the litigants should not have their causes interfered with due to the unreasonable amount of time and effort which must be given in an attempt to make some intelligent understanding out of the voluminous so-called pleadings and briefs [filed by Bernard M. Shotkin], in order that as to them "justice shall be administered without * * * delay". It is therefore
Ordered and adjudged as follows:
1. The return to the rule being insufficient to show cause why the prohibitory features thereof should not be carried out, Bernard M. Shotkin is hereby prohibited from henceforth representing himself or his corporation in this court in propria persona as appellant in this cause or as appellant in any cases arising from the trial courts of this district wherein he or his corporations were plaintiffs.
2. That this cause will be dismissed within twenty (20) days unless the aforesaid Bernard M. Shotkin shall cause counsel to appear on his behalf in this matter, and further orders will be made setting up the time schedule for the filing of record, briefs, etc., in support of this appeal in the event of the appearance of counsel within the time set.
It is so ordered.
NOTES
[1] 8 Fla.Jur., Courts, § 41.