436 So.2d 303 (1983)
Edgar C. PLATEL, Appellant,
v.
MAGUIRE, VOORHIS & WELLS, P.A., et al., Appellees.
No. 83-294.
District Court of Appeal of Florida, Fifth District.
August 4, 1983.
Edgar C. Platel, in pro. per.
No Appearance for appellees.

*304 ON RULE TO SHOW CAUSE
EN BANC.
On June 15 this Court served Edgar C. Platel, the appellant herein, with a Rule to Show Cause, which reads as follows:
Edgar C. Platel has filed a Notice of Appeal from an order awarding to the defendants attorney's fees and costs pursuant to section 57.105, Florida Statutes (1981).[1] The trial court had previously rendered an order dismissing with prejudice Platel's complaint against the defendant. Mr. Platel appealed from this order; however, pursuant to a motion to dismiss the appeal as a sham, this Court dismissed that appeal.
In the past fourteen months, Mr. Platel has filed nine notices of appeal[2] in connection with several civil actions. These actions stem from a dispute between Mr. Platel and Maronda Homes, Inc., over a house which he purchased from the company. In some instances, Mr. Platel has sued judges who have issued adverse rulings. In connection with these several appeals, Mr. Platel has filed a plethora of motions which have included "Notices of Supplemental Authority" amounting simply to factual arguments, a "Request for Jury Trial," and a "Memorandum of Law, Evidence of His Ability to File Law Suits," wherein Mr. Platel attached several form letters addressed to himself from politicians.
The consequence of Mr. Platel's litigious disposition and apparent lack of legal training is that this court has been inundated with voluminous and, for the most part, incomprehensible documents from him. This court has spent an unreasonable amount of time and effort attempting to decipher his pleadings, often with no success.
This court recognizes the constitutional mandate that courts be open to all persons under Article I, § 21, Florida Constitution. Because the judicial process is the recognized dispute-settlement method, access to courts should not be placed beyond the reach of any citizen. However, when one person, by his activities, upsets the normal procedure of the court so as to interfere with the causes of other litigants, it is necessary to exercise restraint upon that person, i.e., requirement that pleadings be accompanied by an attorney's signature  a restraint which does not amount to a complete denial of access. Shotkin v. Cohen, 163 So.2d 330 (Fla. 3d DCA 1964).
It is therefore ORDERED and ADJUDGED as follows:
That Edgar C. Platel shall file with this Court and show cause, within twenty days from the date of this order in writing, why he should not be prohibited from henceforth appearing before this Court in propria persona as an appellant or a petitioner in this and other pending causes or as an appellant or a petitioner in any future cases.
[1] Section 57.105, Florida Statutes (1981), provides:
Attorney's Fees.  The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.
[2] Case Nos. 83-758; 83-712; 83-294; 83-49; 82-1779; 82-1583; 82-1416; 82-1401; 82-338.
Mr. Platel's response evinces the necessity for the issuance of this Order. First, Mr. Platel alleges that, under section 59.06, Florida Statutes (1981), this court has no jurisdiction to prohibit him from exercising his right to appeal. It should be noted that this provision pertains only to matters which may be assigned as error on appeal and the effect of pleading over or amending pleadings on the right to have the judgment or order reviewed. Next, he presents a legitimate legal argument. Mr. Platel maintains that this Order would violate his rights under the First, Fifth and Fourteenth Amendments to the United States Constitution; that is, his rights to petition the government for redress of grievances and of due process of law. Mr. Platel goes on to allege that our Order would violate 28 U.S.C. § 2101, 28 U.S.C. § 2103, 28 U.S.C. § 2104 and 28 U.S.C. § 1915. However, none of these statutes is relevant to whether *305 Mr. Platel should be allowed to continue to proceed pro se in this court.[1] The remainder of Mr. Platel's response contains arguments regarding the merits of his various cases before this court.
We do not condemn all of Mr. Platel's causes as frivolous. In fact, we issued an opinion favorable to him in Platel v. Maronda Homes, Inc. of Florida, 423 So.2d 627 (Fla. 5th DCA 1982) (wherein this court reversed a final summary judgment entered against Mr. Platel). However, Mr. Platel has abused his pro se right of access to our court so as to interfere with the effective administration of justice in this court. Therefore, in the exercise of our inherent power to prevent abuse of court procedure.[2] it is ORDERED that Edgar C. Platel is prohibited from henceforth appearing in his own behalf in this court in this or other causes, as an appellant, wherein he is the plaintiff in the trial court, or as a petitioner. However, this order shall not prohibit Edgar C. Platel from representing himself in this court in connection with an appeal of this order, or in any action in this court in which he is either an appellee or a respondent.
IT IS SO ORDERED.
ORFINGER, C.J., and DAUKSCH, COBB, FRANK D. UPCHURCH, Jr., SHARP and COWART, JJ., concur.
NOTES
[1] 28 U.S.C. § 2101 pertains to the time for appeal or certiorari in the United States Supreme Court, docketing and stays. 28 U.S.C. § 2103 provides that the United States Supreme Court treat as a petition for writ of certiorari an appeal from a state court or from a United States Court of Appeal improvidently taken. 28 U.S.C. § 2104 states that the United States Supreme Court shall regard an appeal from a state court in the same manner and under the same regulations and give the same effect to it as if the judgment or decree appealed from had been rendered in a United States court. 28 U.S.C. § 1915 provides that where a person makes affidavit that he is unable to pay costs, a federal court is authorized to commence a suit without prepayment of fees and costs, or to direct the government to pay the expense of printing a record on appeal. This provision also provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. Finally, under this provision a federal court may request an attorney to represent any such person unable to employ counsel or may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.
[2] Ray v. Williams, 55 Fla. 723, 46 So. 158 (1908); Shotkin v. Cohen, 163 So.2d 330 (Fla. 3d DCA 1964).