519 So.2d 666 (1988)
James KREAGER, Appellant,
v.
Stuart GLICKMAN and Security Alarms & Fire Engineering, Inc., Appellees.
No. 87-1625.
District Court of Appeal of Florida, Fourth District.
January 20, 1988.
Rehearing Denied February 24, 1988.
James Kreager, Fort Lauderdale, pro se.
Henry Latimer and Sandra J. Babey-Whitman of Fine Jacobson Schwartz Nash Block & England, P.A., Miami, for appellees.
GLICKSTEIN, Judge.
Appellant has filed an appeal from an "Order Granting Summary Judgment in Favor of Security Alarms and Final Judgment and Injunction Thereon." A review of said order discloses that it is not a final appealable order as it fails to contain the words of finality necessary to sustain a full appeal. See Morffi v. AIU Insurance Company, 479 So.2d 853 (Fla. 3d DCA 1985). See also Armstrong Contracting and Supply Corporation v. Aerospace Industries, Inc., 254 So.2d 242 (Fla. 4th DCA 1971). However, since the order grants injunctive relief, it is reviewable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B) which provides for the review *667 of non-final orders which "grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions."
The order reads, in part:
REASONS FOR ENTRY OF INJUNCTION
Mr. Kreager, a pro se litigant, has repeatedly filed vexatious, baseless, and harassing law suits in this and other jurisdictions. During the past five years Security Alarms, its President, Stuart Glickman, and other employees and agents of Security Alarms, including their attorneys, have been a target of Mr. Kreager's litigious activity. This Court has found that Mr. Kreager's claims against Security Alarms and Stuart Glickman fall within Section 57.105, Florida Statutes. Moreover, a jury of Mr. Kreager's peers have found that the same claims which he has attempted to relitigate in this case, were so outrageous as to constitute an abuse of process and malicious prosecution. The fact that Mr. Kreager has not prevailed on any of his claims against Security Alarm [sic] et al [sic], and recently had a 1.5 million dollar judgment entered against him for abuse of process and malicious prosecution, has not deterred his activities in the least.
Mr. Kreager, by his attempts to relitigate the same issues ad infinitum, and by filing voluminous and baseless motions, has wasted significant time of this Court, thus depriving meritorious litigants of an opportunity to expeditiously resolve their grieviences [sic]. Mr. Kreager has consistently disrupted this Court with his endless rambling arguments, by his outbursts, and by other activity which is clearly designed to impede and obstruct the administration of justice. Moreover, by his conduct he has caused irreparable injuries to Security Alarms and its principal, Stuart Glickman. Because Mr. Kreager appears determined to adversely affect the administration of justice to whatever extent he is able by the filing of vexatious pro se pleadings, it is obvious that there is not an adequate remedy at law. Therefore, this Court has determined that it is necessary to impose judicial restraint upon Mr. Kreager.
THE ACTS RESTRAINED
James Kreager be and is hereby ENJOINED as follows:
a. While this court may not speak for other divisions as that is a matter for each such judge or the Chief Judge to determine upon petition, Mr. Kreager shall not further appear in this division pro se. Any further appearance by Mr. Kreager shall be only through an attorney admitted to and in good standing with the [sic] Florida Bar, which attorney shall be responsible for the consequences of his or her filings on behalf of Mr. Kreager.
b. Mr. Kreager shall not refile the same claims previously asserted in various actions against Stuart Glickman and/or Security Alarm [sic]. The clerk is directed to transfer to this division all actions which Mr. Kreager attempts to subsequently file against these same defendants involving previously asserted claims, in accordance with administrative orders, so that Mr. Kreager may not circumvent this injunction by forum shopping.
c. Mr. Kreager shall not proceed in forma pauperis in this division unless and until he has complied with the statutory requirements regarding affidavits of indigency. In light of the fact that Mr. Kreager has failed to disclose the fact of his employment on past affidavits of indigency, at the outset of any new case filed by Mr. Kreager assigned to this division wherein he claims to be indigent, this Court will require an evidentiary hearing to determine the sufficiency and truthfulness of Mr. Kreager's affidavit.
This Court expressly reserves jurisdiction to determine the amount of fees and other costs to be taxed against Mr. Kreager, and to enter judgment thereon. This Court also reserves jurisdiction to enforce its own orders, judgments, and *668 writs, including, but not limited to imposition of sanctions for contempt of court arising from violation of this injunction.
Appellant has raised a total of eleven points on appeal, each one arising from a separate non-final order. The only point involving the order granting injunctive relief is point III. The remaining ten points involve nonappealable, non-final orders rendered by the trial court over which points we have no jurisdiction. Specifically, point I involves an order granting Security Alarms' motion to tax costs and attorney's fees. Point II involves an order granting Glickman's motion to tax costs and attorney's fees. Point IV involves an order denying Kreager's motion for default against appellees. Point V involves an order denying Kreager's motion to compel. Point VI involves an order granting appellees' motion to compel better answers to written interrogatories and for sanctions. Point VII involves an order denying Kreager's motion to tax attorney's fees. Point VIII involves an order denying Kreager's motion challenging the constitutionality of Section 57.105, Florida Statutes. Point IX involves an order granting appellees' motion for compulsory psychiatric examination of Kreager. Point X involves an order granting appellees' motion to strike appellant's scandalous motion and for imposition of sanctions. Point XI involves an order denying Kreager's motion for sanctions and for the removal of appellees' lawfirm. Each of the above-mentioned orders is in no way related to the order granting injunctive relief which is the only matter over which this court has jurisdiction. In Perimeter Investments, Inc. v. Amerifirst Development Company of Central Florida, Inc., 423 So.2d 586 (Fla. 1st DCA 1982), the First District Court of Appeal held that it lacked jurisdiction to consider consolidated appeals from the trial court's orders denying defendants' motions for leave to file counterclaims but that it did have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B), to consider the interlocutory order denying an injunction. The court therein noted the limited jurisdiction granted appellate courts to consider non-final orders and further noted that the appeals from the trial court's denial of motions to file counterclaims were susceptible of review on direct appeal from final judgment. Likewise, in the instant case, this court has jurisdiction only as to the order granting appellees' motion to enjoin Kreager from further filing of vexatious actions and pro se court appearances. All of the other orders would have been susceptible of review had timely appeal been taken from a final judgment.
Appellant challenges the correctness of the trial court's entry of the injunction in point III of his brief. While his argument as to this point is not altogether comprehensible, we have reviewed it with a focus on determining whether the trial court abused its discretion in granting appellees' demand for injunctive relief. This court stated in Reinhold Construction, Inc. v. City Council for the City of Vero Beach, 429 So.2d 699 (Fla. 4th DCA 1983), that a "trial court's ruling on a motion for injunction comes to this Court with a presumption of correctness and will be reversed only upon a showing of a clear abuse of discretion or a clearly improper ruling." Id. Based on our understanding of his argument, we conclude appellant has failed to make the requisite showing.
It is evident from the record that appellant has filed a multitude of frivolous pleadings in this and other cases against these same appellees. In Shotkin v. Cohen, 163 So.2d 330 (Fla. 3d DCA 1964), the Third District Court of Appeal held that a litigant who had interfered with the orderly process of judicial administration by filing pleadings containing irrelevant and scandalous allegations could be prohibited from "representing himself or his corporation in this court in propria persona...." Id. at 332. Likewise, in Platel v. Maguire, Voorhis & Wells, P.A., 436 So.2d 303 (Fla. 5th DCA 1983), a litigant was deemed to have abused his pro se right of access to the court by the filing of voluminous and incomprehensible documents and was prohibited from representing himself as a plaintiff or petitioner in the trial court. The trial court's order in the instant case is *669 supported by the authority of Shotkin and Platel.
GUNTHER and STONE, JJ., concur.