PER CURIAM.
Appellant, who was defendant below, appeals from an order which denied his motion for relief from judgment and prohibited defendant from filing further pleadings. We affirm in part and reverse in part.
Defendant was a judgment debtor in the proceedings below. During 1985, the trial court entered final judgments of garnishment on defendant’s beneficial interest in Land Trust 54, Land Trust 965 and Land Trust 842-M. No appeal was taken.
On May 27, 1986, the trial court conducted a hearing on the appellee trustee’s motion for judgment on the pleadings with respect to a writ of garnishment served on a law firm which was holding sums owed to defendant. At the hearing defendant requested that an accounting be given by the trustee because defendant believed that the trustee had garnished more property than was needed to satisfy the outstanding debt. The trial court advised defendant that he could raise the question of an accounting in a post-judgment motion. The court entered judgment for the trustee in the amount of $8383.30.
Defendant filed a motion for rehearing, but then initiated an appeal with respect to the $8383.30 judgment without obtaining a ruling on the motion. The effect of filing the notice of appeal was to divest the trial court of jurisdiction to decide the motion for rehearing. In Re One 1979 Chevrolet Blazer, 436 So.2d 1087, 1088 (Fla. 3d DCA 1983). This court affirmed the $8383.30 judgment. Octaviano v. Malinski, 506 So.2d 420 (Fla. 3d DCA 1987).
In August, 1986, during the pendancy of the earlier appeal, defendant moved for relief from the land trust judgments of June and October, 1985, relying on Rule 1.540, Florida Rules of Civil Procedure. After conclusion of the appeal, defendant scheduled a hearing on the Rule 1.540 motion. Defendant attacked the land trust judgments only, not the $8383.30 judgment. The trial court denied relief and directed the defendant “to file no further papers in this Court.” Defendant has again appealed.
Defendant argues strenuously that the trial court’s May, 1986 statements about post-judgment relief, and the trustee’s acknowledgement of those statements in the trustee’s brief to this court in the previous appeal, required the trial court to grant the Rule 1.540 motion. We disagree. The trial court’s statements, as well as the prior appeal, involved the judgment for $8383.30. The Rule 1.540 motion which led to the present appeal dealt only with the land trusts, not the $8383.30 judgment. The defendant’s motion did not satisfy any of the criteria set forth in Rule 1.540 and the denial of the motion for relief from judgment is therefore affirmed.
We reach a different conclusion with regard to the order directing defendant “to file no further papers in this Court.” In the rare case of truly severe abuse, courts have sustained an order enjoining a litigant from filing pleadings. See Shotkin v. Cohen, 163 So.2d 330, 333 (Fla. 3d DCA 1964). Because of the burden on due process rights and the right of access to courts, such orders are extraordinary and should be entered only in exceptional cases.
Here, we assume the trial court actually intended only to forbid the filing of further pleadings in this case, and not to enjoin defendant from litigating in the circuit court generally. The order, as worded, *1039 actually accomplishes the latter. Assuming the trial judge had concluded the Rule 1.540 motion was frivolous, a less severe remedy should have been employed. E.g., § 57.105, Fla.Stat. (1987). A Rule 1.540 motion is an authorized post-judgment motion and no other such motion had ever been filed in the proceeding below. The fact that the motion was without merit did not warrant a general prohibition on the filing of further pleadings.
The order under review is affirmed insofar as it denies the Rule 1.540 motion and is reversed insofar as it forbids the filing of further papers by defendant.
Affirmed in part and reversed in part.