611 So.2d 538 (1992)
Marvin KOHN, Appellant,
v.
CITY OF MIAMI BEACH, et al., Appellees.
No. 91-2636.
District Court of Appeal of Florida, Third District.
December 8, 1992.
Rehearing Denied February 9, 1993.
*539 Marvin Kohn, in pro. per.
Robert A. Ginsburg, County Atty., and Steven B. Bass, Asst. County Atty., Laurence Feingold, City Atty. for City of Miami Beach and Debora J. Turner, Asst. City Atty., for appellee.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
NESBITT, Judge.
Marvin Kohn appeals the dismissal with prejudice of his complaint against the City of Miami Beach and Dade County. We affirm.
Kohn went to Miami Beach to observe the city's Fourth of July festivities, leaving eleven dogs unattended in his camper truck. When Kohn returned to the camper sometime later, he was arrested and charged with cruelty to animals. Thereafter, the Dade County Department of Animal Control picked up the unattended dogs. The Miami Beach Police Department briefly detained Kohn, and then released him. His eleven dogs were returned to him after ten days. Upon being returned, some of the dogs were in poor health and eventually died.
Kohn has failed in four attempts to cure the defects in his complaint correctly urged by the defendants below, including: a) the city and county are rendered immune from liability because the alleged common law torts of their employees are claimed to have been committed with malice and bad faith, see § 768.28(9)(a), Fla. Stat. (1991); b) the civil rights claims under 42 U.S.C. §§ 1983, 1988 (1991) fail because no invalid governmental policy of custom is alleged, see Monell v. Department of Social Servs. of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); and c) it appears that the county employee named as a defendant is not liable for the damages complained of.
It is settled that as an action progresses, the privilege of amendment progressively decreases to the point that the trial judge does not abuse his discretion in dismissing with prejudice. Alvarez v. DeAguirre, 395 So.2d 213 (Fla. 3d DCA 1981). While there is no magical number of amendments which are allowed, we have previously observed that with amendments beyond the third attempt, dismissal with prejudice is generally not an abuse of discretion. Alvarez, 395 So.2d at 217; American Seafood, Inc. v. First Union Nat'l Bank of Florida, 562 So.2d 437 (Fla. 3d DCA), review dismissed, 569 So.2d 1278 (Fla. 1990); McCuin v. Review Financial Printers, Inc., 582 So.2d 176 (Fla. 3d DCA 1991). There is simply a point in litigation when defendants are entitled to be relieved from the time, effort, energy, and expense of defending themselves against seemingly vexatious claims. Feigin v. Hospital Staffing Servs., Inc., 569 So.2d 941 (Fla. 4th DCA 1990).
Raised in this case, is the issue of whether Kohn, as a pro se litigant, should be treated differently from litigants in similar situations, represented by counsel. We conclude that it is a mistake to hold a pro se litigant to a lesser standard than a reasonably competent attorney. Section 454.18, Florida Statutes (1991) clearly provides "any person ... may conduct his own *540 cause in any court of this state ... subject to the lawful rules and discipline of such court." Likewise, in Carr v. Grace, 321 So.2d 618 (Fla. 3d DCA 1975), cert. denied, 348 So.2d 945 (1977), we observed a party's self-representation does not relieve the party of the obligation to comply with any appropriate rules of civil procedure.[1]
Application of any lesser standard can only foment litigation by encouraging a litigant to act pro se and, when his seeming ability to plead a cause of action fails, to then engage an attorney to start again. Moreover, there is no reason to set lower standards for pro se litigants in the Eleventh Judicial Circuit since there is in place an ongoing program purposely designed to make qualified members of the bar available to litigants who qualify for their services.[2] Compassion for a pro se litigant and justice under law are entirely different concepts that should not be confused. Further, we should avoid the temptation to require governmental entities to defend because they seemingly have an inexhaustible supply of legal talent available. To do so would penalize the public who ultimately pays the bill.
Given a number of opportunities to state a claim against the city and county, Kohn failed to do so. Accordingly, the order under review is affirmed.
HUBBART, J., concurs.
SCHWARTZ, Chief Judge (dissenting).
Nothing said by the majority outweighs the fact that the defendants have escaped responsibility for what may well have been an unjustifiable deprivation of the pro se plaintiff's rights only because he has so far been unable to touch all the legal bases in drafting a supportable complaint. I believe that the interests of justice  with which I thought we were primarily concerned  require that he be given one last opportunity to do so.
NOTES
[1] Courts around the country have likewise recognized that once a party chooses to represent himself he cannot expect favored treatment from the court. Meeker v. Grey, 142 Ill. App.3d 717, 97 Ill.Dec. 72, 492 N.E.2d 508 (1986). Accord Copper State Bank v. Saggio, 139 Ariz. 438, 679 P.2d 84 (1983); In re Marriage of Snyder, 701 P.2d 153 (Colo. App. 1985); Basilicato v. Department of Pub. Util. Control, 197 Conn. 320, 497 A.2d 48 (1985); Schneider v. Curry, 106 Idaho 264, 678 P.2d 56 (1984); Terpstra v. Farmers & Merchants Bank, 483 N.E.2d 749 (Ind. Ct. App. 1985); Rochon v. Consolidated Constr. Co., 452 So.2d 404 (La. Ct. App. 1984); McGowan v. Director of Div. of Employment Sec., 388 Mass. 1003, 445 N.E.2d 1066 (1983); State v. Pilla, 380 N.W.2d 207 (Minn. Ct. App. 1986); Boyer v. Fisk, 623 S.W.2d 28 (Mo. Ct. App. 1981); Arcadia State Bank v. Nelson, 222 Neb. 704, 386 N.W.2d 451 (1986); State Bank of Burleigh County Trust Co. v. Patten, 357 N.W.2d 239 (N.D. 1984); Meyers v. First Nat'l Bank of Cincinnati, 3 Ohio App.3d 209, 444 N.E.2d 412 (1981); Kanow v. Brownshadel, 691 S.W.2d 804 (Tex. Ct. App. 1985); In re Marriage of Wherley, 34 Wash. Ct. App. 344, 661 P.2d 155, review denied, 100 Wash.2d 1013 (1983); Annis v. Beebe & Runyan Furn. Co., 685 P.2d 678 (Wyo. 1984).
[2] The "Put Something Back" program is the joint project of the Eleventh Judicial Circuit and the Dade County Bar Association with over 4,000 attorneys contributing their time and money to this project. The Florida supreme court in In re Amendments to Rules Regulating The Florida Bar 1-3.1(a) and Rules of Judicial Admin. 2.065 (Legal Aid), 598 So.2d 41, 43 (Fla. 1992), acknowledged as essential, the public's access to attorneys "who bring cases before a court and advocate issues which assure the integrity of the Constitution and protect individual rights in our society" and ordered further steps be taken to assure the availability of counsel to those in need of legal services.