PER CURIAM.
A petition for administration of the estate of Orville Emery was filed in June of 1991. In July of 1992, an order was entered granting a petition for approval of Mediation Settlement. At that time, the estate’s personal representative and all interested parties were directed to execute all documents necessary to close the estate. The estate was closed in September of 1992 and the personal representative was discharged. Thereafter, however, in response to the petition of one of Emery’s three daughters, the distributees, the trial court issued a revocation of the order of discharge.
Thereafter, followed more than five years of litigation, with both sides seeking affirmative relief from the court. After numerous motions, appearances and argument before a long list of trial judges, on January 12, 1998, the instant trial judge entered an Order on Rule to Show Cause. The order prohibited daughter Kathy Emery from representing herself and required her to have counsel file a notice of appearance on her behalf or have *402 pending matters before the court dismissed.[1] The trial court’s rule to show cause provided in part:
It is apparent from the record in this case that Plaintiff KATHY EMERY has and will continue to file pleadings and letters to this court of a vexatious, frivolous and/or scandalous nature as well as needlessly interfering with and interrupting court personnel and judicial staff and that said activities are of such a nature as to constitute harassment, inconvenience and disruption of this court’s calendar, and have hampered the effective administration of justice to an intolerable degree.
In Platel v. Maguire, Voorhis & Wells, P.A., 436 So.2d 303 (Fla. 5th DCA 1983), a litigant was deemed to have abused his pro se right of access to the court by the filing of voluminous and incomprehensible documents and was prohibited from representing himself as a plaintiff or petitioner in the trial court. As the Fourth District observed:
This court recognizes the constitutional mandate that courts be open to all persons under Article I, § 21, Florida Constitution. Because the judicial process is the recognized dispute-settlement method, access to courts should not be placed beyond the reach of any citizen. However, when one person, by his activities, upsets the normal procedure of the court so as to interfere with the causes of other litigants, it is necessary to exercise restraint upon that person, i.e., requirement that pleadings be accompanied by an attorney’s signature — a restraint which does not amount to a complete denial of access.
Platel, 436 So.2d at 304. Again in Reinhold Construction, Inc. v. City Council for the City of Vero Beach, 429 So.2d 699 (Fla. 4th DCA 1983), that court held that a “trial court’s ruling on a motion for injunction comes to this Court with a presumption of correctness and will be reversed only upon a showing of a clear abuse of discretion or a clearly improper ruling.” In Shotkin v. Cohen, 163 So.2d 330 (Fla. 3d DCÁ 1964), we likewise concluded that a litigant who had interfered with the orderly process of judicial administration by filing pleadings containing irrelevant and scandalous allegations could be prohibited from “representing himself or his corporation in this court in propria persona” Id. at 332.
In the instant case, the trial court’s order found that the return of the Rule was insufficient to show cause why the prohibiting features should not be carried out, and verified the Rule’s factual correctness. The court thereby concluded that Emery’s actions had the effect of “hampering justice to an intolerable degree.” A review of the record shows no basis to determine an error occurred in the trial judge’s decision.
Accordingly, the order under review is affirmed. Due to the confusion generated by the case, we do however advise that the five days provided in the order to permit Emery to obtain counsel may be insufficient, and we suggest that the trial judge consider extending that time provision.

. The order under review gives Emery five days to get new counsel or have her cause dismissed.