729 So.2d 1002 (1999)
Irve GLADSTONE, Appellant,
v.
M. Stephen SMITH, Esq., North River Insurance Company, Alex Spizz, Esq., Barton Nachamie, Esq., Todtman, Young, Nachamie, Handler & Spizz, Jay Solowsky, Esq., Sky Smith, Esq., Jewel H. Grutman, Esq., Norman Grutman, Esq., United Credit Corporation, Merrill Lynch, Pierce, Fenner & Smith, Incorporated, and Paul S. Stuart, Esq., Appellees.
Nos. 97-1611, 97-3701, and 98-0356 to 98-0359.
District Court of Appeal of Florida, Fourth District.
March 31, 1999.
Rehearing Denied May 5, 1999.
*1003 Irve Gladstone, Boynton Beach, pro se.
Paul S. Stuart of Stuart & Walker, P.A., for Appellees Merrill Lynch, Pierce, Fenner & Smith, Incorporated and Paul S. Stuart, Esq.
PER CURIAM.
In these consolidated cases, Appellant Irve Gladstone appeals an order dismissing his claims against various defendants. We affirm.
Representing himself, Gladstone filed his original complaint in case number 97-3701 on January 22, 1996, alleging that numerous defendants conspired to threaten, slander, and defraud him. He sought damages in the amount of $501,160,000.00. He filed amended complaints on February 5 and 13, 1996. After Gladstone filed a fifth amended complaint, several of the defendants filed motions to prohibit Gladstone from appearing pro se and requesting that he be required to appear through counsel as a result of his "relentless deluge" of frivolous litigation.
After his tenth amended complaint was filed, all defendants except Merrill Lynch were dismissed with prejudice. On April 9, 1997, the trial court granted Merrill Lynch's motion to dismiss without prejudice; the order permitted Gladstone to file another amended complaint against Merrill Lynch "with the prerequisite that it be done through counsel...." Gladstone did not file another complaint. The trial judge entered a final order of dismissal with prejudice on September 30, 1997.
The orders at issue in the other case numbers include Judge Kroll's April 9, 1997 order dismissing all defendants except Merrill Lynch with prejudice (Case Number 97-1611); Judge Kroll's September 30, 1997 order dismissing complaint with prejudice (Case Number 97-3701); Judge Fine's January 2, 1998 order dismissing complaint without leave to amend (Case Number 98-356); Judge Fine's January 8, 1998 order granting defendant's motion to strike and/or dismiss complaint pursuant to section 57.105, Florida Statutes (1997) (Case Number 98-357); Judge Hazouri's January 21, 1998 order granting motion to dismiss with prejudice (Case Number 98-358); and Judge Fine's January 2, 1998 order dismissing complaint (Case Number 98-359).
Because the issues are similar in all the cases, we will discuss the law as it applies to the facts in the appeal in Case Numbers 97-1611 and 97-3701. A motion to dismiss tests whether a plaintiff has alleged a good cause of action in the complaint. See Alexander Hamilton Corp. v. Leeson, 508 So.2d 513 (Fla. 4th DCA 1987). When considering the merits of a motion to dismiss, a court's gaze is limited to the four corners of the complaint. See, e.g., Alevizos v. The John D. and Catherine T. MacArthur Found., 24 Fla. L. Weekly D535, ___ So.2d ___, 1999 WL 89043 (Fla. 4th DCA Feb.24, 1999). The facts alleged in the complaint must be accepted as true. See Sarkis v. Pafford Oil Co., Inc., 697 So.2d 524 (Fla. 1st DCA 1997). All reasonable inferences must be drawn in favor of the pleader. See Higgs v. Florida Dep't of Corrections, 647 So.2d 962 (Fla. 1st DCA 1994).
A claim should not be dismissed with prejudice "without giving the plaintiff an opportunity to amend the defective pleading, unless it is apparent that the pleading cannot be amended to state a cause of action." Kairalla v. John D. and Catherine T. MacArthur Found., 534 So.2d 774, 775 (Fla. 4th DCA 1988). The opportunity to amend a complaint should be liberally given. See Gamma Dev. Corp. v. Steinberg, 621 So.2d 718 (Fla. 4th DCA 1993); Dryden Waterproofing, *1004 Inc. v. Bogard, 488 So.2d 672, 673 (Fla. 4th DCA 1986) ("[L]eave to amend a complaint should be freely granted when justice so requires and it should not be denied unless the privilege has been abused."). However, "as an action progresses, the privilege of amendment progressively decreases to the point that the trial judge does not abuse his discretion in dismissing with prejudice." Kohn v. City of Miami Beach, 611 So.2d 538, 539 (Fla. 3d DCA 1992) (citation omitted).
Gladstone amended his complaint ten times in this case. In Kohn, the appellant amended his complaint four times prior to having his claim dismissed with prejudice. The Kohn court recognized that:
There is simply a point in litigation when defendants are entitled to be relieved from the time, effort, energy, and expense of defending themselves against seemingly vexatious claims.
Id. at 539 (citing Feigin v. Hospital Staffing Servs., Inc., 569 So.2d 941 (Fla. 4th DCA 1990)). The Kohn court noted that "[w]hile there is no magical number of amendments which are allowed, we have previously observed that with amendments beyond the third attempt, dismissal with prejudice is generally not an abuse of discretion." Id. (Citation omitted). The court thus affirmed the dismissal with prejudice. See id.; see also Goldberg v. Rite Aid of Florida, Inc., 681 So.2d 846 (Fla. 3d DCA 1996). Certainly the court did not abuse its discretion in this case by entering the order under review after the tenth amended complaint.
A pro se litigant should not be held to a lesser standard than a reasonably competent attorney because applying a lesser standard would only encourage continued frivolous litigation. See Kohn, 611 So.2d at 539-40. Gladstone's complaints do not comply with the basic pleading requirement of Florida Rule of Civil Procedure 1.110(b)(2), in that they do not contain a "short and plain statement of the ultimate facts showing that the pleader is entitled to relief."
Gladstone's complaints and his briefs filed with this court assert conspiracies seemingly derived from a Hollywood script, involving a cast of characters including President Clinton, Attorney General Janet Reno, and Harvard Law Professor Alan Dershowitz. Gladstone's allegations and causes of action do not reveal which defendant committed what wrongful act. For example, Gladstone's brief contends that "the nature of this case is the direct result of a prominent lawyer's branding Irve Gladstone a liar, thief, who forged documents, committed extortion, who would kill him and his accomplices," and that "incriminating allegations of murder, terrorism, assassination attempts, kidnapping threats, illegal arms sales, money laundering, usury, extortion, harassment, intimidation and slander were intentionally contrived ... to cause injury to Gladstone."
Moreover, although he cites Ralph Nader and Gerry Spence, Gladstone fails to cite to the record on appeal. Instead, Gladstone requests the Clerk to compile a "schedule of record," containing docket entries from court cases which do not deal with the subject matter of any of the consolidated appeals. Even where an appeal might have merit, the failure to adhere to the record on appeal can be fatal. See Williams v. Winn-Dixie Stores, Inc., 548 So.2d 829 (Fla. 1st DCA 1989) (granting motion to strike appellant's brief where appellant's statement of the case and facts was unduly argumentative and the citations to the record were inadequate).
Gladstone's claims are closely analogous to those of the pro se appellant in Kreager v. Glickman, 519 So.2d 666 (Fla. 4th DCA 1988). In Kreager, this court determined that "[i]t is evident from the record that appellant has filed a multitude of frivolous pleadings in this and other cases against these same appellees." Id. at 668. The court held that the appellant failed to show that the trial court abused its discretion in granting an injunction against filing further vexatious actions. See id.; see also Platel v. Maguire, Voorhis & Wells, P.A., 436 So.2d 303, 305 (Fla. 5th DCA 1983) (finding that the appellant "abused his pro se right of access to our court so as to interfere with the effective administration of justice"); Shotkin v. Cohen, 163 So.2d 330, 332 (Fla. 3d DCA 1964) (holding that where the pro se appellant *1005 brings repetitive vexatious claims, "the remainder of the litigants should not have their causes interfered with due to the unreasonable amount of time and effort which must be given in an attempt to make some intelligent understanding out of the voluminous so-called pleadings and briefs"). The trial court's requirement that Gladstone file an eleventh amended complaint through a licensed attorney was eminently reasonable, hardly an abuse of its discretion.
To summarize, where no viable cause of action is asserted after repeated opportunities to amend, dismissal is appropriate. See Nodal-Tarafa v. ARDC Corp., 579 So.2d 414 (Fla. 3d DCA 1991). Gladstone was given a more than adequate opportunity to frame a viable cause of action, but he failed to do so. His "claims" fail to offer facts sufficient to state a cause of action. See, e.g., Estate of Smith v. City of Hollywood, 615 So.2d 204 (Fla. 4th DCA 1993).
Gladstone's brief does not seem directed at the circuit court orders which are the subject of this appeal. Instead, his initial brief concludes by stating that "the precise relief sought is based on damages for which the appellant's former attorney-appellee Alex Spizz, Esquire sued money lender-appellee United Credit Corporation on behalf of appellant for precise amount of: $50,000.00." Moreover, many of Gladstone's complaints appear directed at rulings by the Honorable Ann E. Vitunac, United States Magistrate Judge, and the Honorable K. Michael Moore, United States District Court Judge. This court has no jurisdiction to review such rulings. See Fla.R.App.P. 9.030(b).
All orders appealed from are affirmed.
DELL, SHAHOOD and GROSS, JJ., concur.