940 So.2d 1188 (2006)
Edna Jane FAVREAU, Appellant,
v.
Anna May FAVREAU, Appellee.
No. 5D06-443.
District Court of Appeal of Florida, Fifth District.
October 6, 2006.
Rehearing Denied November 2, 2006.
*1189 Edna J. Favreau, Melbourne, pro se.
No Appearance for Appellee.
PLEUS, C.J.
Edna Jane Favreau (Edna) filed a notice of appeal, pro se, from an order entered by the Circuit Court of Volusia County, Probate Division, which prohibits her from further pro se filings in a probate proceeding involving the estate of her ex-husband, Walter Frederick Favreau. Two circuit judges have entered similar orders in other litigation, barring Edna from further pro se filings based on abusive and frivolous court filings.
The order does not dispose of the probate action, nor can it be deemed final in any way as to Edna since it does not preclude Edna from any further filings, only pro se filings. As such, the order is not reviewable by appeal as per Florida Rule of Appellate Procedure 9.110(a)(2), which authorizes appellate review "of orders entered in probate . . . matters that finally determine a right or obligation of an interested person as defined in the Florida Probate Code." While in a probate matter several final orders may be entered during the course of proceedings that address different issues and different persons, see Committee Notes to Florida Rule of Appellate Procedure 9.110, the order here is in no way final in nature.
The order is not a reviewable non-final order. See Florida Rule of Appellate Procedure 9.130. The remaining avenue for review is certiorari but Edna has failed to establish the requisites for issuance of the writ in this case. A court has the inherent power to prevent abuse of court procedure which interferes with the effective administration of justice. Platel v. Maguire, Voorhis & Wells, P.A., 436 So.2d 303 (Fla. 5th DCA 1983). A requirement that pleadings be accompanied by an attorney's signature is not a restraint which amounts to a complete denial of access to courts. Id.; May v. Barthet, 886 So.2d 324 (Fla. 4th DCA 2004); see also § 68.093, Fla. Stat. (2005) (the Florida Vexatious Litigant Law). The trial court followed procedural requirements by issuing an order to show cause, affording Edna an opportunity to explain why she should not be barred from future pro se filings. Edna has failed to establish a clear departure from the essential requirements of law resulting in irreparable harm. See Cape Canaveral Hospital, Inc. v. Leal, 917 So.2d 336 (Fla. 5th DCA 2005).
Accordingly, we treat the notice of appeal as a petition for writ of certiorari and deny the petition.
CERTIORARI DENIED.
GRIFFIN and ORFINGER, JJ., concur.