967 So.2d 437 (2007)
Glenn F. STRAUB, Appellant,
v.
Gaye SCARPA, Appellee.
No. 4D07-1028.
District Court of Appeal of Florida, Fourth District.
October 31, 2007.
Larry A. Zink of Zink, Zink & Zink Co., L.P.A., Hillsboro Beach and Canton, OH, for appellant.
Jose D. Sosa of Arnstein & Lehr LLP, West Palm Beach, for appellee.
GROSS, J.
In Rapp v. Jews for Jesus, Inc., 944 So.2d 460, 467-69 (Fla. 4th DCA 2006),[1] we expressed the concern that an expansive view of the tort of false light invasion of privacy would infringe on freedom of expression. This case demonstrates an attempt to use the tort to stifle political speech in a community. We affirm the order dismissing the lawsuit with prejudice.
Glenn Straub appeals an order dismissing his complaint for false light invasion of privacy for failure to state a cause of action. See Fla. R. Civ. P. 1.140(b)(6). *439 In reviewing the propriety of such a dismissal, we take the allegations in the complaint as true, consider them in the light most favorable to Straub, and draw all reasonable inferences in his favor. See, e.g., Gladstone v. Smith, 729 So.2d 1002, 1003 (Fla. 4th DCA 1999).
Straub filed a one-count complaint against Gaye Scarpa. The lawsuit was based on a letter Scarpa sent to the members of Southfields Homeowners Association. Straub is on the Association's board of directors. Scarpa's letter solicited other homeowners and association members to provide her with proxy rights to vote for a slate of directors in an upcoming election. The letter contained these paragraphs:
If you feel as we do that the property owners would be better represented by those of us who actually live here and that we will present a fair operating budget containing only necessary expenditures to maintain our community thus our property values, then please fill out your proxy giving me the permission to vote our slate and return it to me as soon as you can.
Our assessments have doubled this past year and probably will triple with this upcoming budget. It will no doubt contain very expensive items that have nothing to do with the operation of our community. The only recourse we have is to elect responsible homeowners and rein in this unnecessary spending.
(Emphasis in original). As we wrote in Rapp,
The false light theory of invasion of privacy was incorporated in section 652E of the Restatement (Second) of Torts, which defines the cause of action as follows:
[o]ne who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if
(a) the false light in which the other was placed would be highly offensive to a reasonable person, and
(b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.
944 So.2d at 467; see generally Gannett Co. v. Anderson, 947 So.2d 1 (Fla. 1st DCA 2006).
Under this definition of the tort, Straub's complaint fails for two reasons.
First, the letter did not place Straub in a false light; it did not mention his name, nor did it describe him.
Second, the letter was not "highly offensive to a reasonable person." No reasonable person "would be justified in the eyes of the community in feeling seriously offended and aggrieved" by the letter. Rapp, 944 So.2d at 467 (quoting RESTATEMENT (SECOND) OF TORTS § 652E, cmt. c.). In a residential community governed by a homeowners association, vigorous debate over community expenditures is a value to be encouraged, not a pathway to litigation. To encourage tort litigation in a case such as this is to stifle discussion and place political power in the hands of those wealthy and aggressive enough to finance a lawsuit.
KLEIN, J., and EMAS, KEVIN, M., Associate Judge, concur.
NOTES
[1] In Rapp, we certified a question of great public importance: "Does Florida recognize the tort of false light invasion of privacy, and if so, are the elements of the tort set forth in section 652E of Restatement (Second) of Torts?" 944 So.2d at 468. Recently, the supreme court granted review in Rapp. Jews for Jesus, Inc. v. Rapp, 963 So.2d 702 (Fla. 2007).