STEVENSON, J.
Patrick Neptune has filed a notice of appeal challenging (1) an order granting defendant Rubinchik’s motion for protective order as to interrogatories propounded by plaintiff; (2) an order granting defendant Rubinchik’s motion to dismiss for failure to state a cause of action and affording plaintiff leave to amend; and (3) an order ruling on defendant Rubinchik’s motion to declare plaintiff a “vexatious litigant.” For the reasons which follow, we dismiss this appeal.
*538 The notice of appeal was improper as to orders (1) [granting motion for protective order as to interrogatories] and (3) [declaring plaintiff a “vexatious litigant”], and we see no basis for certiorari review. See Baldwin v. Shands Teaching Hosp. & Clinics, Inc., 45 So.3d 118, 122 (Fla. 1st DCA 2010) (holding orders granting protective order are reviewable by certiorari only where there is a demonstration of irreparable harm), review denied, 55 So.3d 1288 (Fla.2011); Favreau v. Favreau, 940 So.2d 1188, 1189 (Fla. 5th DCA 2006) (holding order prohibiting wife from further pro se filings was not final appealable order, was not one of non-final orders listed in rule 9.130, and certiorari review available only where departure from essential requirements of law resulting in irreparable injury is demonstrated); Bared & Co. v. McGuire, 670 So.2d 153, 156 (Fla. 4th DCA 1996) (holding appellate court lacks jurisdiction to exercise certio-rari review in the absence of irreparable harm). To the extent review of order (2) [granting motion to dismiss for failure to state a cause of action and affording plaintiff leave to amend] is sought, the appeal is dismissed as this court lacks jurisdiction to review this non-final, non-appealable order. See, e.g., Liebman v. Miami-Dade Cnty.Code Compliance Office, 54 So.3d 1043, 1045 (Fla. 3d DCA 2011) (holding orders granting motion to dismiss and affording leave to amend are non-final, non-appealable).

Dismissed.

CIKLIN and GERBER, JJ., concur.