FERNANDEZ, J.
Jonathan Millen, II appeals the trial court’s final judgment that dissolved his marriage to Elizabeth Millen. Because the husband waived any objection to the guardian ad litem’s questioning of witnesses at trial, we affirm.
The Millens married on September 11, 2003, in London, England. They later returned to the United States and resided in Florida. By June of 2010, the marriage had begun to unravel. The husband filed for divorce on September 9, 2010.
The dissolution of marriage trial commenced July 16, 2012. The guardian ad litem, a psychologist appointed to represent the parties’ minor child, requested the trial court’s permission to ask witnesses questions at trial. The trial court asked the parties whether they had any objection to the guardian’s questioning of witnesses. Neither party objected.
Throughout the four-day trial, the guardian ad litem questioned the parties and six witnesses. The guardian ad li-tem’s questions covered substantially similar subject matter that the wife’s questions covered. The questions also elicited comparable testimony to that which the wife’s questions elicited. The trial court subsequently entered its final judgment, after which the husband appealed.
The husband contends for the first time on appeal that the guardian’s participation in the trial requires reversal. We disagree. We first note, “[i]t is a mistake to hold a pro se litigant to a lesser standard than a reasonably competent attorney.” Kohn v. City of Miami Beach, 611 So.2d 538, 539 (Fla. 3d DCA 1992). Secondly, the guardian ad litem serves an important fact-finding role in cases that involve minor children. Section 61.401, Florida Statutes (2010), makes it abun *498 dantly clear that the guardian ad litem is to “act as next friend of the child, investigator or evaluator, not as attorney or advocate.” To that end, “[t]he duties and rights of nonattorney guardians do not include the right to practice law.” § 61.403(7), Fla. Stat. (2010). Additionally, any participation by the guardian ad litem in trial proceedings must be “through counsel.” § 61.403(6), Fla. Stat. (2010). Examination of witnesses constitutes the practice of law and is a function reserved for licensed attorneys. See e.g. State v. Foster, 674 So.2d 747, 749 (Fla. 1st DCA 1996) (concluding that “the taking of a deposition constitutes the practice of law”). The trial court thus erred when it allowed the guardian ad litem to question the witnesses. See § 61.401, Fla. Stat. (2010). See also Perez v. Perez, 769 So.2d 389 (Fla. 3d DCA 1999).
However, in the absence of an objection below, this Court will not consider issues for the first time on appeal except in cases of fundamental error. Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982). Fundamental error is error that goes to the foundation of the case or goes to the merits of the cause of action. Sanford v. Rubin, 237 So.2d 134, 137 (Fla.1970); Marks v. Delcastillo, 386 So.2d 1259, 1267 (Fla. 3d DCA 1980). As the Florida Supreme Court noted in Ray v. State, 403 So.2d 956 (Fla.1981):
The failure to object is a strong indication that, at the time and under the circumstances, the [party] did not regard the alleged fundamental error as harmful or prejudicial. Tt is well-established law that where the trial judge has extended counsel an opportunity to cure any error, and counsel fails to take advantage of the opportunity, such error ... will not warrant reversal.’
Id. at 960. While the trial court’s allowance of the guardian ad litem to question witnesses at trial was contrary to sections 61.401 and 61.403, reversal is not warranted because the error was not fundamental to the case. We cannot say with any certainty that the guardian’s examination of witnesses affected the outcome of the trial or even had a substantial effect. See Marks, 386 So.2d at 1267. Her questions targeted the same subject matter as those asked by the wife and elicited markedly similar responses. Additionally, the trial court offered the parties the opportunity to object to the guardian’s participation in the trial, and neither party accepted the trial court’s invitation to object. The guardian’s participation in this trial plainly did not go to the foundation of the case and, thus, cannot constitute fundamental error.
Accordingly, the husband’s failure to object to the guardian ad litem’s questioning of witnesses at trial constitutes a waiver of this issue. For these reasons, we affirm the final judgment of dissolution of marriage.
Affirmed.
LAGOA, J., concurs.
Schwartz, Senior Judge, agrees to the conclusion.