PER CURIAM.
This is an appeal of an order prohibiting a non-party, Sherman Balch, from filing any further pro se pleadings or documents unless signed by an attorney. We treat the Notice of Appeal as a Petition for Writ of Certiorari and deny the Petition.
Petitioner, AnnMarie Balch, was named as a defendant in a mortgage foreclosure action. Sherman Balch was not a signatory to the subject note and mortgage, and he was not named as a defendant in the suit. Nevertheless, Sherman Balch filed numerous pleadings jointly with AnnMarie Balch. One of the pleadings Sherman Balch jointly filed was entitled, “Defendant(s), Sherman Balch’s and AnnMarie Baleh’s Answer and Affirmative Defenses to Plaintiffs Complaint and Counterclaims.” That pleading is rambling and disjointed and appears to accuse Respondent, HSBC Bank USA, N.A., of, among other things, fraud, deceit, and extortion. It also appears to attempt to plead a counterclaim for damages.
Respondent filed a Motion to Strike this and other pleadings and documents, arguing that Sherman Balch was not a party to the suit and had no standing to file anything in the lawsuit. A hearing was held on the Motion to Strike, and the trial court rendered an order, dated December 23, 2009, stating that the court heard argument from counsel and defendants. In that order, the court granted the Motion to Strike and further ordered that all references to the non-party, Sherman Balch, be stricken from the pleadings. The order also provided that Sherman Balch was prohibited from submitting further filings without leave of court.
In direct violation of that order, Sherman Balch subsequently filed (jointly with AnnMarie Balch) a Motion to Dismiss, asserting lack of subject matter jurisdiction. The trial court rendered an order denying that Motion. In that order, the trial court found that Sherman Balch had ignored the prior order prohibiting him from filing any further pleadings or documents without leave of court. The order further provides that Sherman Balch is prohibited from filing “any paper in this case unless the paper is signed by an attorney who is a member of the Florida Bar” and that any further violation of this order could subject Sherman Balch to contempt of court proceedings. That order is now being appealed by AnnMarie Balch, who is attempting to assert the rights of the non-party, Sher *181 man Balch, to continue to participate in the lawsuit and to have the order reversed.
The order submitted for review is a non-fínal and non-appealable order. See Favreau v. Favreau, 940 So.2d 1188, 1189 (Fla. 5th DCA 2006). Because the non-final order is not appealable, we will treat the Notice of Appeal as a Petition for Writ of Certiorari. Id.
When a pro se litigant files frivolous law suits or pleadings in a lawsuit, the court has the authority to restrain such a litigant from abusing the legal system and prevent him from abusing, annoying, or harassing those against whom such suits or pleadings have been filed. In Platel v. Maguire, Voorhis & Wells, P.A., 436 So.2d 303 (Fla. 5th DCA 1983), for example, this court held that “when one person, by his activities, upsets the normal procedure of the court so as to interfere with the causes of other litigants, it is necessary to exercise restraint upon that person, ie., requirement that pleadings be accompanied by an attorney’s signature—a restraint which does not amount to a complete denial of access.” Id. at 304 (citing Shotkin v. Cohen, 163 So.2d 330 (Fla. 3d DCA 1964)).
In Shotkin, the court was confronted with a pro se litigant who filed pleadings containing irrelevant and scandalous allegations, including material that the court found would subject a member of the bar to possible disciplinary action had an attorney been responsible for such filings. The Third District Court prohibited the pro se litigant from any further pro se filings and explained that when such a litigant
upsets and interferes with the normal procedures of a court that will have approximately 1,000 matters filed before it this year, it becomes necessary to exercise restraint upon such person. This is so because the remainder of the litigants should not have their causes interfered with due to the unreasonable amount of time and effort which must be given in an attempt to make some intelligent understanding out of the voluminous so-called pleadings and briefs [filed by Bernard M. Shotkin], in order that as to them “justice shall be administered without * * * delay.”
163 So.2d at 332 (quoting Art. I, § 21, Fla. Const.). Other courts have followed Platel and Shotkin in holding that a pro se litigant who files frivolous pleadings be prohibited from any further filings unless signed by a licensed attorney. See, e.g., Gladstone v. Smith, 729 So.2d 1002 (Fla. 4th DCA 1999); Kreager v. Glickman, 519 So.2d 666 (Fla. 4th DCA 1988).
Petitioner, AnnMarie Balch, complains that Sherman Balch did not have proper notice and an opportunity to be heard. A hearing was held on the Respondent’s Motion to Strike and, although the Petitioner has not provided this court with a transcript of that hearing, the order emanating therefrom specifically states that the trial court “heard argument of counsel and Defendant(s).” That order provides in pertinent part that, in addition to striking numerous pleadings filed by Sherman Balch, “[w]ith regard to ... Defendants), Sherman Balch’s and AnnMarie Balch’s Answer and Affirmative Defenses to Plaintiffs Complaint and CounterClaims, all references to Sherman Balch are hereby stricken ....” Not only does the order indicate that the defendants were present and heard by the court, the order rendered after that hearing specifically prohibited Sherman Balch “from submitting any further filings to this court having to do with this case without leave of court.” In complete disregard of that order, Sherman Balch continued to file pleadings jointly with AnnMarie Balch and that is when the court included the prohibition of any further filings unless signed *182 by a member of the bar. Under these facts and circumstances, we reject the argument of lack of notice and opportunity to be heard.
The courts have consistently held that pro se litigants should be treated no differently or more leniently than litigants represented by counsel. See Millen v. Milieu, 122 So.3d 496, 497 (Fla. 3d DCA 2013) (“We first note, ‘[i]t is a mistake to hold a pro se litigant to a lesser standard than a reasonably competent attorney.’ ” (quoting Kohn v. City of Miami Beach, 611 So.2d 538, 539 (Fla. 3d DCA 1992))); Anderson v. Sch. Bd. of Seminole Cnty., 830 So.2d 952, 953 (Fla. 5th DCA 2002) (“Pro se litigants, however, should not be treated differently from litigants in similar situations who are represented by counsel and are charged with knowledge of those rights.” (citing Kohn)); Stueber v. Gallagher, 812 So.2d 454, 457 (Fla. 5th DCA 2002) (“In Florida, pro se litigants are bound by the same rules that apply to counsel.” (citing Kohn))-, Gladstone, 729 So.2d at 1004 (“A pro se litigant should not be held to a lesser standard than a reasonably competent attorney because applying a lesser standard would only encourage continued frivolous litigation.” (citing Kohn)). In Kohn, the court held that “it is a mistake to hold a pro se litigant to a lesser standard than a reasonably competent attorney” and that “a party’s self-representation does not relieve the party of the obligation to comply with any appropriate rules of civil procedure.” 611 So.2d at 539^10. The court in Kohn further noted, citing numerous cases from other jurisdictions, that “[cjourts around the country have likewise recognized that once a party chooses to represent himself he cannot expect favored treatment from the court.” 611 So.2d at 540 n. 1. Sherman Balch is no exception, and his pro se status gives him no right to flagrantly violate prior court orders and inject himself in a lawsuit in which he has no standing.
Accordingly, we treat the Notice of Appeal as a Petition for Writ of Certiorari and deny the Petition.
PETITION DENIED.
SAWAYA, LAWSON, and WALLIS, JJ., concur.