# Third District Court of Appeal

## State of Florida

Opinion filed July 29, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1066
Lower Tribunal No. 96-36879
_____


**Al Jerome Carter,**
Appellant,

vs.

**The State of Florida,**
Appellee.


A case of original jurisdiction—habeas corpus.

Al Jerome Carter, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.


Before WELLS, SHEPHERD and SALTER, JJ.

SHEPHERD, J.

Petitioner, Al Jerome Carter, has filed seventeen post-conviction petitions or appeals with this court since 2001. The majority of these appear to be frivolous appeals or petitions. Carter's most recent petition for habeas corpus exemplifies the frivolous nature of his past filings, as it re-raises verbatim an identical issue not only raised in and rejected by the trial court, but also affirmed by this court in case number 3D14-2944 three months prior to Carter's filing of the current petition.

On May 14, 2015, this court issued an order to show cause why Carter should not be prohibited from filing any further pro se appeals, pleadings, motions, or petitions relating to his convictions, judgments, and sentences in case number 96-36879. Carter responded that he is not an attorney and did not know that he was being frivolous. Carter's status as either a pro se litigant or an attorney is irrelevant in justifying his frivolous filings with this court. "[I]t is a mistake to hold a pro se litigant to a lesser standard than a reasonably competent attorney." Kohn v. Miami Beach, 611 So. 2d 538, 539 (Fla. 3d DCA 1992). The very reason for this rule underlies the present case as "applying a lesser standard [to pro se litigants] would only encourage continued frivolous litigation." Gladstone v. Smith, 729 So. 2d 1002, 1004 (Fla. 4th DCA 1999).

"[A]ny citizen, including a citizen attacking his or her conviction, abuses the right to pro se access by filing repetitious and frivolous pleadings, thereby

diminishing the ability of the courts to devote their finite resources to the consideration of legitimate claims." State v. Spencer, 751 So.2d 47, 48 (Fla.1999). After an order to show cause and the opportunity to answer, a court may sanction a party for repetitious and frivolous pleadings by preventing further filings from that party. Id.

Upon consideration of the seventeen filings from Carter before this court, and Carter's response to the court's show cause order, we find that Carter has failed to demonstrate good cause for his actions. Based on Carter's repeated attempts to abuse the judicial system with frivolous appeals, it is hereby ordered that the Clerk of the Third District Court of Appeal shall refuse to accept any further filings relating to lower tribunal case number 96-36879, unless they have been reviewed and signed by an attorney who is a licensed member of the Florida Bar in good standing. Any such further and unauthorized pro se filings by Carter will subject him to sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for consideration by it of disciplinary action. See 944.279(1), Fla. Stat. (2013).

So ordered.