DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES M. MILLER,**
Appellant,

v.

**HENDERSON MACHINE, INC.,**
Appellee.

No. 4D19-700

[November 4, 2020]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. CACE 17-002198 (25).

James M. Miller, Pompano Beach, pro se.

Mark A. Cullen and Catherine A. Cullen of The Cullen Law Firm, P.A., West Palm Beach, for appellee.

PER CURIAM.

We sua sponte redesignate this appeal as a nonfinal appeal of an order enjoining appellant from continued pro se representation.[1] The trial court did not abuse its discretion in terminating petitioner's pro se status and requiring him to be represented by counsel in further proceedings. The trial court made findings of fact that petitioner's improper conduct was escalating and threatening, which interfered with the administration of justice. It also found that he had engaged in abuse of process in directing the issuance of a subpoena to a court reporter. These findings are supported by competent substantial evidence in the record.

Appellant argues that his conduct is protected by the litigation privilege. In *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U. S. Fire Insurance Co.*, 639 So. 2d 606 (Fla. 1994), the court found that

---

[1] *Kreager v. Glickman*, 519 So. 2d 666 (Fla. 4th DCA 1988). The Fifth District has treated review of similar orders by petition for writ of certiorari. *See Balch v. HSBC Bank, USA, N.A.*, 128 So. 3d 179, 181 (Fla. 5th DCA 2013).

defamatory statements made during the course of litigation were protected by the litigation privilege, but importantly the court also stated:

> **This does not mean, however, that a remedy for a participant's misconduct is unavailable in Florida. On the contrary, just as "[r]emedies for perjury, slander, and the like committed during judicial proceedings are left to the discipline of the courts, the bar association, and the state,"** *Wright, [v. Yurko]*, 446 So. 2d [1162,] 1164 [(Fla. 5th DCA 1984)], other tortious conduct occurring during litigation is equally susceptible to that same discipline. **Clearly, a trial judge has the inherent power to do those things necessary to enforce its orders, to conduct its business in a proper manner, and to protect the court from acts obstructing the administration of justice.** In particular, a trial court would have the ability to use its contempt powers to vindicate its authority and protect its integrity by imposing a compensatory fine as punishment for contempt. *South Dade Farms, Inc. v. Peters*, 88 So. 2d 891 (Fla. 1956).

639 So. 2d at 608-09 (emphasis added). The trial court had the authority to protect the proper administration of justice. Appellant's pro se status does not insulate him from acting with the proper decorum and professionalism during litigation. As noted in section 454.18, Florida Statutes (2019), "any person, whether an attorney or not . . . may conduct his or her own cause in any court of this state . . . **subject to the lawful rules and discipline of such court . . . ." (Emphasis added.)** Where the pro se litigation threatens the litigants and attorneys and engages in abuse of process, the court is within its authority to restrict the petitioner's pro se status. *See, e.g.*, *Emery v. Clifford*, 721 So. 2d 401 (Fla. 3d DCA 1998).

WARNER, GERBER and ARTAU, JJ., concur.

\*      \*      \*

*Not final until disposition of timely filed motion for rehearing.*