613 So.2d 515 (1993)
Omar G. RODRIGUEZ-DIAZ, Appellant,
v.
Maria ABATE, and Jeffrey Timkee, etc., Appellees.
Nos. 92-692, 92-1666.
District Court of Appeal of Florida, Third District.
January 19, 1993.
Rehearing Denied March 16, 1993.
Omar G. Rodriguez-Diaz, in pro per.
Parenti, Falk, Waas & Frazier and Norman M. Waas, for Jeffrey Timkee.
No appearance, for Maria Abate.
Before NESBITT, FERGUSON and GERSTEN, JJ.
PER CURIAM.
Review is sought of an order which prohibits the appellant from representing himself as plaintiff in these actions for malicious prosecution, intentional infliction of emotional distress and harassment. The trial court's order on rule to show cause is restated verbatim:
THIS CAUSE having come on to be heard March 9, 1992 pursuant to the Rule to Show Cause issued February 12, 1992 and upon Plaintiff's request for a hearing pursuant to F.S. 90.204 and the Court having taken testimony, reviewed the file and otherwise being fully advised in the premises, it is
ORDERED AND ADJUDGED as follows:
Mr. Diaz's written and oral responses to the Rule to Show Cause evinces the necessity for the issuance of this Order. Whereas Mr. Diaz uses his court experiences to further his legal education and whereas the filing of multiple lawsuits provide him with an emotional outlet, nevertheless his activities disrupt the effective and orderly administration of justice; constitute an abuse of court process and monopolize the Court's limited resources to the detriment of other pending court matters.
Unable to view his matters objectively, Mr. Diaz personalizes all facets of the judicial process and he has undertaken a relentless crusade to harass and to intimidate opposing counsel. Notwithstanding the Court's order of January 3, 1992, in the above-styled cause, Mr. Diaz persists in maligning and threatening Mr. Waas and Mr. Falk. Lawyers of lesser character, courage or fortitude would long ago have abandoned their client resulting in the perversion of the legal process. Lawyers, as Officers of the Court, are charged with and have a responsibility to protect the integrity of the Courts and the judicial process; likewise, the Courts have a reciprocal duty to its officers to insure that they are able to *516 perform their responsibilities free of coercion, threat or ridicule.
The Court recognizes that the "easy" way for it to handle the problems presented by Mr. Diaz would simply be to recuse itself, transfer the cause to another Judge! That option, however, is unacceptable; it would be unfair to the successor Judge, the attorneys and their client. Mr. Diaz has abused his pro se right of access to our Court and he should be enjoined and prohibited from henceforth representing himself in Propria Persona. The Court is undoubtably aware that this Order will be the subject of multiple appeals, if not litigation. The Court's injunction pertains only to matters assigned to the undersigned Judge. See Herskowitz v. Herskowitz, 466 So.2d 8 (Fla. 3d DCA 1985). Nonetheless, upon review by other higher Courts with broader jurisdiction, if they find that the reasons and basis for issuing the injunction are sound, this Court invites those Courts themselves to examine and to determine whether a similar injunction might be appropriate within their expanded jurisdiction. It is therefore
ORDERED AND ADJUDGED as follows:
(1) The return to the Rule being insufficient to show cause why the prohibiting features thereof should not be carried out, Omar Rodriguez-Diaz is hereby prohibited from henceforth representing himself as Plaintiff or Petitioner before the undersigned Judge in any pending or future matters assigned to its division. Any further appearance by Mr. Omar Rodriguez-Diaz shall be only through an attorney admitted to and in good standing with The Florida Bar, which attorney shall be responsible for the consequences of his or her filings on behalf of Mr. Diaz;
(2) This Court reserves jurisdiction to enforce its own orders, judgments and writs, including, but not limited to imposition of sanctions for contempt or other appropriate sanctions arising from violation of this injunction; and
(3) This cause shall stand dismissed without further Order of Court unless aforesaid Omar Rodriguez-Diaz shall cause counsel of record to appear on his behalf on or before April 13, 1992.
DONE and ORDERED in Chambers at Miami, Dade County, Florida this 24 day of March, 1992.
[Footnotes omitted].
On review of the extensive record, we hold that there is competent and substantial evidence to support the injunction. An order prohibiting a layman from representing himself is an appropriate remedy where the litigant, in a series of cases, has upset and interfered with the normal procedures of the court by filing immaterial, irrelevant and impertinent pleadings, and has failed to comply with court rules. Shotkin v. Cohen, 163 So.2d 330 (Fla. 3d DCA 1964); 7A C.J.S. Attorney & Client § 168 (1980). However, we modify the order to allow the appellant thirty-days after this opinion becomes final to secure counsel.
Affirmed as modified.