PER CURIAM.
Appellant, pro se plaintiff in a personal injury suit, challenges the trial court’s order dismissing her suit upon her failure to obtain representation. She argues that she be allowed to represent herself. Under the facts of this case, we find no abuse of discretion in the trial court’s ordering her to obtain counsel. See Rodriguez-Diaz v. Abate, 613 So.2d 515 (Fla. 3d DCA 1993). We conclude, however, that the trial court abused its discretion *480 in allowing her less than two weeks to find representation. Accordingly, we vacate the order of dismissal and remand for the entry of a modified order giving appellant thirty days to obtain counsel. We also vacate the order awarding the appellees costs and attorney’s fees because it was based on the order of dismissal.
On October 8, 1993, the trial court rendered an order requiring appellant to show cause why she should not be prohibited from representing herself, and why the trial court should not require that she obtain counsel. A hearing on the order was held on October 19, 1993. The transcript of the hearing is not contained in the record on appeal, so we do not know if appellant was at that time orally instructed as to the trial court’s ruling.
On October 27, 1993, the trial court rendered an order which required appellant to obtain counsel no later than November 1, 1993. Appellant failed to do so, and on November 1, 1993, the trial court rendered an order dismissing appellant’s case.
Whether appellant was ordered to obtain counsel at the hearing on the order to show cause, or whether she became aware of the trial court’s ruling at a later date, she had, at best, less than two weeks to find representation. This was an abuse of discretion. See Rodriguez-Diaz, 613 So.2d 515 (trial court’s order prohibiting plaintiff from representing himself modified to allow plaintiff thirty days after opinion becomes final to secure counsel).
The trial court subsequently awarded appellees costs and fees pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79, Florida Statutes,[1] based on the appellant’s failure to accept an offer of judgment and the ultimate dismissal of the suit. Because we are vacating the order of dismissal, we must also set aside this award.
Accordingly, we vacate the order dismissing appellant’s suit, as well as the order awarding appellees fees and costs. On” remand, the trial court shall enter a modified order requiring appellant to obtain representation, allowing her at least thirty days from the date of the modified order to retain counsel.
Orders vacated and cause remanded with directions.
CAMPBELL, A.C.J., and PARKER and LAZZARA, JJ., concur.

. The record does not reflect which version of the statute the trial court used as the basis for the award. We note, however, that the appellant’s complaint is based on an incident allegedly occurring on July 18, 1988. Thus, any subsequent motion for costs and fees based on the rejection of an offer of judgment must be determined in accordance with the statute in effect on that day and the case law interpreting that statute. See Versprill v. School Bd. of Orange County, 641 So.2d 883 (Fla. 5th DCA 1994); Brodose v. School Bd. of Pinellas County, 622 So.2d 513 (Fla. 2d DCA 1993); Kline v. Publix Supermarkets, Inc., 568 So.2d 929 (Fla. 2d DCA 1990).