PER CURIAM.
Sheila Rares, a pro se plaintiff[1] in this medical-malpractice action appeals a final order dismissing this case with prejudice after a mistrial was declared as a result of her inappropriate behavior during trial which included her accusations of judicial misconduct. Without burdening this opinion with a complete recitation of the proceedings below needlessly, we note that this action had been pending for some 7 years when it was specially set for a two week jury trial before a retired judge. During the course of the trial, the record reflects that Rares ignored numerous orders and rulings by the court, became confrontational with the trial judge, and otherwise engaged in totally unacceptable behavior[2] to the point where a mistrial was declared and the case was sent back to the division judge below. Thereafter, the appellees filed a verified motion to dismiss the case with prejudice or alternatively to preclude Ms. Rares from proceeding pro se. The trial court dismissed the complaint with prejudice finding that Ms. Rares had unduly abused and burdened the judicial process.
Although we agree that Ms. Rares’s conduct during the course of the trial was totally reprehensible, we conclude that a dismissal of her action with prejudice was far too severe where less severe sanctions (e.g. the imposition of defendant’s costs and attorney’s fees associated with the trial to be paid prior to the commencement of any new trial of this cause) are available to adequately address the misconduct. Cf. Carr v. Dean Steel Bldgs., Inc., 619 So.2d 392, 394 (Fla. 1st DCA 1993) (dismissal a drastic remedy which should be used only in extreme situations and upon a express written finding of willfulness); Epps v. Hartley, 495 So.2d 921, 922 (Fla. 4th DCA 1986) (power to dismiss a complaint is not unbridled). Appellees nevertheless urge us on appeal to enjoin Ms. Rares from any further self-representation in the cause. In support of his argument, appellee cites this court’s decisions of Rodriguez-Diaz v. Abate, 613 So.2d 515 (Fla. 3d DCA 1993) and Shotkin v. Cohen, 163 So.2d 330 (Fla. 3d DCA 1964). In both of these decisions, however, we note that a pro se litigant was enjoined from further self-representation after that pro se litigant had, in a series of eases, interfered with normal court proceedings. As the record stands before us now, this is only an isolated case where Ms. Rares’s activities have interfered with the orderly flow of a legal proceeding. Hence, we decline to enjoin her at this time from further self-representation.
Reversed and remanded for proceedings consistent herewith.

. Ms. Rares proceeded to trial as a pro se litigant after a succession of attorneys withdrew their representation of her.

. On one occasion, Ms. Rares approached the bench with no shoes on in the presence of the jury. On another occasion, she insisted that the trial judge leave the bench and approach her with the court reporter. Still further, she demanded that the defendant sit next to her during the trial because she allegedly wasn’t feeling well and wanted the doctor to monitor her pulse.