750 So.2d 46 (1999)
Lawrence PAOLI, Appellant,
v.
NATHERSON & COMPANY, P.A., Russell S. Natherson, and Patrick L. Gallagher, Appellees.
Nos. 98-03552, 98-04398.
District Court of Appeal of Florida, Second District.
July 9, 1999.
*47 Daniel Joy, Sarasota, for Appellant.
Robert C. Widman of Morris & Widman, Venice, for Appellees.
CASANUEVA, Judge.
In this appeal arising from the withdrawal by Lawrence Paoli as an accountant in Natherson & Company, P.A., Mr. Paoli has sued his former partners, Russell Natherson and Patrick Gallagher, as well as the partnership (the Natherson defendants), for violation of a stock redemption agreement and for involuntary dissolution of an accounting partnership. The defendants counterclaimed for breach of employment agreement, breach of fiduciary duty, and misappropriation of a corporate opportunity. After the court entered final summary judgments against Mr. Paoli on his claims, the counterclaims were submitted to a jury, which rendered verdicts in favor of the Natherson defendants. Mr. Paoli has raised several issues on appeal, three of which have merit. First, the trial court erred in submitting to the jury the issue of whether Mr. Paoli had breached *48 his employment agreement, because that agreement should have been interpreted by the trial court as a matter of law. Second, the court erred in entering summary judgment on the involuntary dissolution. Finally, to the extent that the Natherson defendants' attorney's fees at the trial court level were based upon their victory on the employment breach counterclaim, they must be reversed.
Mr. Paoli left the Sarasota accounting practice of Natherson & Co. in April of 1994, after an association of eight years with the firm. On May 2, 1994, Mr. Paoli purchased the practice of the late Richard Haas in Venice, Florida, and many of the clients he had attracted to Natherson & Co. followed him to his new practice. Although the amount of fees generated from former Natherson clients was disputed, the jury apparently determined that Mr. Paoli earned approximately $216,000 from those clients between May 1, 1994 and April 30, 1997. Furthermore, the jury also found that Mr. Paoli had breached his fiduciary duty to Natherson & Co. when he purchased the Haas practice, because Natherson & Co. had previously contacted Mr. Haas about merging with that firm. Thus, by purchasing the Haas practice without affording his employer at the time, Natherson & Co., the opportunity to do so, Mr. Paoli was found to have usurped a corporate opportunity that rightfully belonged to Natherson & Co. See Guth v. Loft, 23 Del.Ch. 255, 5 A.2d 503 (1939). The jury awarded the Natherson defendants $216,019 for the fiduciary duty and misappropriation claims. Although we might have decided that issue differently, we have no basis upon which to reverse the jury's decision on that point.
As to the breach of contract claim, however, we find that the court should have interpreted the employment contract as a matter of law. Had it done so, it should have found that the contract was an improper agreement to require Mr. Paoli to make commission payments to Natherson & Co. on funds earned from the former company clients, in violation of section 473.3205, Florida Statutes (1993). The paragraph of the employment agreement requiring interpretation states as follows:
3. If, during the eighteen months after Paoli ceases to be employed by the Company, Paoli, or any firm, company or organization that Paoli is a member of or is affiliated with or employed by, shall render accounting, tax or any other professional service to any client being serviced by the Company as of the date immediately before Paoli's employment terminates, Paoli agrees to pay to the Company forty-one and 67/100 percent (41.67%) of the gross fees earned and/or billed by him (her) or any firm that are employed by or associated with for the services rendered to the client during the period of three years commencing on the date Paoli, or any firm, company or organization that Paoli is a member of or is affiliated or employed by, first services the client subsequent to his (her) termination of employment with the Company.
The meaning of the contract and its effect are matters of law for the court to decide. See Jaar v. University of Miami, 474 So.2d 239 (Fla. 3d DCA 1985). When faced with an unambiguous provision, the trial court cannot give it any meaning beyond that expressed by the language utilized and must construe the provision in accord with the ordinary meaning of the language. See Emergency Assoc. of Tampa, P.A. v. Sassano, 664 So.2d 1000 (Fla. 2d DCA 1995).
In interpreting this contract, the court erred by allowing the jury to consider the effect of section 473.3205, Florida Statutes (1993), upon the plain meaning of the contract language. That statute provides as follows:
A licensee who is engaged in the practice of public accounting shall not pay a commission to obtain a client, nor shall he accept compensation for the sale of products, other than the work product of *49 the licensee, or the referral of products or services of others. However, this section shall not prohibit:
(1) Payments for the purchase of an accounting practice.
Of significance is the fact that in their original counterclaim the Natherson defendants attempted to enforce paragraph 3 as a liquidated damages agreement. The trial court found, however, that section 473.3205 barred a liquidated damages clause. The Natherson defendants then amended their counterclaim to allege sale of an accounting practice, which is exempted from the statutory prohibition.
The Natherson defendants were permitted to argue to the jury that paragraph 3 of the employment contract constituted an agreement for the sale of an accounting practice, i.e., a sale to Mr. Paoli of that part of his practice with Natherson & Co. that he took with him when he bought the Haas practice in Venice. This determination is clearly wrong. A sale of an accounting practice generally involves a transfer of files or goodwill or something. In contrast, the Natherson defendants did not transfer anything to Mr. Paoli and retained the right to compete for the business generated by those clients. Basically, paragraph 3 represented an agreement for Mr. Paoli to pay a commission to Natherson & Co. in the amount of 41.67% of fees generated by former Natherson & Co. clients. This was illegal and the contract provision should have been declared void. Thus, we reverse that portion of the final judgment that awards Natherson & Co. $90,015.39 for breach of an employment agreement, together with the prejudgment interest and attorneys' fees attributable to that claim. See Carlow v. Blenman, 652 So.2d 479 (Fla. 2d DCA 1995).
Prior to submission of the counterclaims to the jury, the trial court entered final summary judgment against Paoli on his claims for involuntary dissolution of the partnership. Upon dissolution, the existing debts of the company would have been paid, and the assets distributed to the shareholders of record as of the date Mr. Paoli left the firm. Thereupon, Mr. Paoli contended, Natherson & Co. should have returned to him some of the $68,000 he paid to purchase his shares in 1986.
The Natherson defendants moved for summary judgment on this claim on the basis that Mr. Paoli was no longer a shareholder when he moved for involuntary dissolution. Mr. Paoli was no longer a shareholder, however, because a prior lawsuit involving dissolution of a real estate partnership had been decided adversely to him. Upon entry of the trial court's judgment in that case, in the amount of over $225,000, Natherson and Gallagher executed on the judgment and purchased Mr. Paoli's shares in the partnership at an execution sale. Mr. Paoli has appealed that decision to our court, however, and has prevailed, at least temporarily. We have reversed the judgment against Mr. Paoli, together with prejudgment interest awarded on that sum, and have remanded for a new accounting. See Paoli v. Natherson, 732 So.2d 486 (Fla. 2d DCA 1999). Until it can be determined on remand of that case to what extent, if any, Mr. Paoli is liable to Mr. Natherson and Mr. Gallagher, fact issues may remain that preclude summary judgment on the involuntary dissolution count.
Accordingly, we reverse the jury verdict on the counterclaim for breach of an employment agreement and remand for entry of judgment in Mr. Paoli's favor on that claim as well as the Natherson defendants' claim for attorney's fees. We also reverse the final summary judgment entered on Mr. Paoli's count for involuntary dissolution, and remand for further proceedings on that claim. In all other respects, the judgments are affirmed.
BLUE, A.C.J., and DAVIS, J., Concur.