POLSTON, J.
Appellants filed a complaint against Ap-pellees, seeking an accounting, injunctive relief, and damages arising from appellee Jeffrey J. Pappas’ alleged failure to perform the terms and conditions of a shareholder and member agreement upon his withdrawal and separation from Appellants. Appellants allege that after Pappas separated from them, he became employed with or became a shareholder or member of appellee Creel, Bryan & Gallagher, P.A., (“CB & G”), and Pappas together with CB & G began servicing Appellants’ clients.
The trial court granted Appellees’ motion to dismiss, with prejudice, stating:
1. Plaintiffs brought this action seeking to enforce the Shareholders and Members Agreement (“the Agreement”), attached as Exhibit 1 to the complaint. Paragraph D of Article VIII of the Agreement, the provision of concern to the parties, provides:
If (at any time within 24 months after the effective date of his or her separation) a withdrawing shareholder or member services any client of this Corporation or Company (or any client which was served by this Corporation or Company at any time within 24 months prior to the effective date of the withdrawing shareholder’s or member’s separation) then that withdrawing shareholder [or] member will pay to the Corporation and/or Company an amount equal to 30 percent of his yearly billings to that client for each of the next five (5) years.
The parties have stipulated that the remedy sought by the plaintiffs in this action is based on this Paragraph D.
2. The Court finds that Paragraph D of Article VIII of the Agreement represents an agreement for plaintiff Pappas to pay a commission to plaintiffs in the stated percentage of fees generated by the plaintiffs’ former clients, and that this particular provision has been interpreted by the district court in Paoli v. Natherson & Co., P.A., 750 So.2d 46, 49 (Fla. 2d DCA 1999), to be illegal. Therefore, the Court finds Paragraph D of Article VIII of the Agreement to be *350 void and unenforceable, thereby requiring dismissal of the complaint and action.
3. The Court finds that the complaint neither states a cause of action against defendant Creel, Bryan & Gallagher, P.A., who was not a party to the Agreement, outside this particular contract provision (Paragraph D of Article VIII of the Agreement), nor states an independent cause of action and [sic] once defendant Pappas has been dismissed. Therefore, the complaint and action against defendant Creel, Bryan & Gallagher, P.A. will be dismissed.
Appellants appeal this order. Our reading of the Agreement and section 478.3205, Florida Statutes (1995), leads us to a different conclusion than that reached by the court in Paoli v. Natherson & Co., P.A., 750 So.2d 46 (Fla. 2d DCA 1999). Accordingly, we reverse.
I.
The trial court ruled that Paragraph D of the Agreement is illegal because it is an agreement for Pappas to pay commissions, which is prohibited by section 473.3205, Florida Statutes, as construed by the court in Paoli.[1] Section 473.3205 provides:
Commissions. — A licensee who is engaged in the practice of public accounting shall not pay a commission to obtain a client, nor shall he accept compensation for the sale of products, other than the work product of the licensee, or for referral of products or services of others.
However, this section shall not prohibit:
(1) Payments for the purchase of an accounting practice;
(2) Retirement payments to individuals formerly engaged in the practice of public accounting or payments to their heirs or estates; or
(3)Payment of fees to a referring licensee for public accounting services to either the successor licensee or the client in connection with an engagement.
The court in Paoli ruled that an accounting firm’s employment contract, with a provision similar to the one at issue in this case, was an agreement to pay commissions and therefore illegal under section 473.3205. The accounting firm in Paoli argued that the agreement should be construed as an agreement to purchase the accounting practice so that the first exception in section 473.3205 applied. The court rejected this argument.
Appellants do not argue that an exception applies, rather they assert that Pap-pas’ payments and their receipts of his payments under Paragraph D should not be construed as commissions. We agree. Because the provisions of Paragraph D should not be considered as commissions under the general rule of section 473.3205, the exceptions are not applicable and need not be addressed.
The Agreement has several provisions indicating the parties’ interest in restraining competition, including Paragraph D, which is an effort to prevent, not facilitate, clients leaving Appellants. It is clear from Paragraph D that Appellants want to keep their clients, rather than to terminate them by referring them to Pappas in exchange for a commission. The money paid and received under Paragraph D is for specified damages to Appellants, not commissions paid for referral of clients.
The purpose of this statutory provision is to prohibit Florida certified public ac *351 countants (“CPAs”) from paying commissions for referrals.[2] An example of such an agreement prohibited for CPAs was described in Professional Planning Services, Inc. v. Sunshine Staff Leasing, Inc., 695 So.2d 883 (Fla. 5th DCA 1997)(“Pro-fessional Planning and Sunshine entered into a written contract under which Professional Planning agreed to provide marketing services and to refer employee leasing clients to Sunshine, and in return Sunshine agreed to pay Professional Planning commissions.”). Paragraph D is not the type of agreement described in Professional Planning Services, that would be prohibited under section 473.3205. We reverse the dismissal of Appellants’ claims against Pappas. We specifically do not reach any issue not decided by the trial court, including the type or measurement of any relief sought.
II.
We affirm the trial court’s dismissal of CB & G because it is not a party to the Agreement and any accounting sought by Appellants may be obtained through discovery.
Affirmed in part, Reversed in part, and Remanded.
MINER and LEWIS, JJ., concur.

. The 1993 statute, addressed by the Paoli court, is the same as the 1995 statute applicable here.

. Other professions are permitted to pay and receive commissions for referrals under certain circumstances. See e.g., § 475.25(l)(h), Fla. Stat. (1995)(describing conditions for real estate brokers' referral commissions).