DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**IRIS DIXON,**
Appellant,

v.

**FEDNAT INSURANCE COMPANY,**
Appellee.

No. 4D21-2848

[June 1, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; G. Joseph Curley, Jr., Judge; L.T. Case No. 502020CA001691.

Sommer C. Horton of Horton Law Group, P.A., Boca Raton, for appellant (withdrew after filing initial brief).

Warren B. Kwavnick of Cooney Trybus Kwavnick Peets, Fort Lauderdale, for appellee.

GERBER, J.

In this homeowner's insurance dispute, the plaintiff insured appeals from the circuit court's final order granting the defendant insurer's motion to dismiss her action with prejudice. The plaintiff argues the circuit court fundamentally erred when it dismissed her action with prejudice, based solely on not having retained new counsel by a date certain as provided in an earlier order granting her then-counsel's motion to withdraw, when: (1) the day after the defendant had filed its motion to dismiss, the circuit court considered the motion to dismiss at a hearing previously set on a different motion; and (2) no basis existed in the record to require the plaintiff to have retained new counsel instead of permitting her to represent herself.

We agree with the plaintiff's fundamental error argument, which is apparent on the face of the record. Therefore, we reverse. We will present the procedural history before turning to our review.

## *Procedural History*

The record is fairly brief. The plaintiff, through her then-counsel, filed a complaint against the defendant for breach of contract and declaratory relief. The plaintiff also served discovery requests on the defendant.

The defendant filed a motion to compel an appraisal pursuant to the insurance policy's terms, and to stay the action until the appraisal was completed. The circuit court entered an order granting the defendant's motion.

After completion of the appraisal, which did not result in the parties resolving the coverage dispute, the plaintiff filed a motion to lift the stay. The circuit court entered an order granting the motion. In the order, the circuit court also directed the parties to complete mediation within forty-five days of the order's entry.

A few weeks later, the plaintiff filed a pro se motion requesting that her counsel withdraw from representing her due to differences between them. The plaintiff also filed a pro se motion requesting the mediation deadline to be delayed as a result.

The plaintiff's counsel later filed a motion to withdraw. In the motion, the plaintiff's counsel requested the circuit court to grant the plaintiff sixty days to find new counsel and to stay the action for the same sixty-day period.

On the same day that the plaintiff's counsel filed the motion to withdraw, the defendant filed an ex parte motion to compel the plaintiff's responses to a supplemental discovery request. The defendant also filed a motion to compel the plaintiff's compliance with the mediation order. The defendant alleged the mediation had not occurred because the plaintiff's counsel had not been able to confirm the mediation date with the plaintiff. The only remedies which the defendant sought in that motion were compelling the plaintiff to appear for mediation, and to pay the defendant's costs incurred for the canceled mediation date.

The circuit court entered an order scheduling a hearing on the plaintiff's pro se motion for her counsel to withdraw, the plaintiff's pro se motion to delay the mediation, and the plaintiff's counsel's motion to withdraw. The circuit court also entered an order granting the defendant's ex parte motion to compel the plaintiff's supplemental discovery responses. In the latter order, the circuit court provided the plaintiff with an additional twenty days to respond to the supplemental discovery

request.  The latter order did not warn of any further sanctions if the plaintiff failed to comply with the order.

After the hearing occurred, the circuit court entered an order granting counsel's motion to withdraw, and giving the plaintiff "45 days from this Order[']s execution to find new legal representation."  The order did not warn of any possible sanctions if the plaintiff did not find new legal representation within forty-five days of the order's execution.

The plaintiff later filed a pro se motion "for turning over file," in which she asked the circuit court to "authorize" her former counsel to "turn over [her] file to [her] … as soon as possible."  The circuit court entered an order scheduling a hearing date on the plaintiff's motion.

The day before the scheduled hearing on the plaintiff's motion, the defendant filed a motion to dismiss the plaintiff's action with prejudice.  The defendant's motion asserted that because the plaintiff had not retained new counsel within forty-five days as provided in the withdrawal order, "the [d]efendant … requests that the … [c]ourt enter an order finding that the [p]laintiff has failed to comply with the above referenced court order and dismissing the case with prejudice."

The defendant did not file a notice of hearing on its motion to dismiss.  Yet, the following day – during the hearing set for only the plaintiff's motion for turning over her file – the circuit court also heard the defendant's motion to dismiss.  No court reporter was at the hearing, and thus no hearing transcript exists.

After the hearing, the circuit court entered a final order granting the defendant's motion to dismiss, and dismissing the action with prejudice.  The final order contains no findings of fact or conclusions of law, and simply states:

> This cause having come … to be heard on Defendant's Motion to Dismiss, and the Court having considered same, … it is … ORDERED AND ADJUDGED that Defendant's Motion is hereby [] **GRANTED.**  The above referenced matter is hereby dismissed with prejudice.

This appeal followed.  As stated above, the plaintiff argues the circuit court fundamentally erred when it dismissed her action with prejudice, based on not having retained new counsel by a date certain as provided in the earlier order granting her then-counsel's motion to withdraw, when: (1) the day after the defendant had filed its motion to dismiss, the circuit

3

court considered the motion to dismiss at a hearing previously set on the plaintiff's motion for turning over file; and (2) no basis existed in the record to have required the plaintiff to retain new counsel instead of permitting her to represent herself.

## *Our Review*

We agree with the plaintiff's fundamental error argument for four reasons, all of which are apparent on the face of the record. We will address each reason in turn.

First, no basis exists in the record for the circuit court apparently to have ultimately *required* the plaintiff to have retained new counsel in order to have avoided dismissal of her action with prejudice. The order granting the plaintiff's counsel's motion to withdraw simply gave the plaintiff "45 days from this Order[']s execution to find new legal representation." That order's plain language did not *require* the plaintiff to find new legal representation within forty-five days of the order's execution, and did not warn of any possible sanctions, such as dismissal of her action with prejudice, if she had not found new legal representation within forty-five days of the order's execution.

Second, even if the circuit court's order on counsel's motion to withdraw could be interpreted as having *required* the plaintiff to have found new legal representation within forty-five days of the order's execution to avoid dismissal of her action with prejudice (which interpretation would be unreasonable given the order's plain language), no basis existed in the record at that time for the circuit court to have imposed such a requirement. As a general rule, individual parties in a civil action are permitted to represent themselves by choice without the necessity of court approval. *See Schneider v. Schneider*, 732 So. 2d 1147, 1148-49 (Fla. 4th DCA 1999) ("[T]he right to represent oneself in a civil proceeding is on a scale of importance equal to the right of trial by jury. … In the same way that a denial of the right to representation by counsel in a civil proceeding is deemed inherently prejudicial, it would seem to us that the denial of self[-]representation would be equally prejudicial in and of itself."). An exception to that general rule would exist if a self-represented party was abusing court proceedings or interfering with the orderly process of judicial administration. *See, e.g., Rodriguez-Diaz v. Abate*, 613 So. 2d 515, 516 (Fla. 3d DCA 1993) ("An order prohibiting a [layperson] from representing [himself or herself] is an appropriate remedy where the litigant, in a series of cases, has upset and interfered with the normal procedures of the court by filing immaterial, irrelevant and impertinent pleadings, and has failed to comply with court rules."). Here, a few months

4

before the circuit court had entered its final order of dismissal with prejudice, the circuit court had entered only an order granting the defendant's ex parte motion to compel the plaintiff's supplemental discovery responses, and the defendant also had filed an undisposed motion to compel the plaintiff's compliance with the mediation order. Neither of those motions – which often are filed in cases even where a party *is* represented by counsel – would have justified the circuit court *requiring* the plaintiff to have found new legal representation to avoid dismissal of her action with prejudice. Further, neither of those motions requested that if the plaintiff failed to comply with an order granting those motions, the defendant would seek dismissal of the plaintiff's action with prejudice.

Third, even if the circuit court's order on counsel's motion to withdraw could be interpreted as having *legitimately* required the plaintiff to find new legal representation within forty-five days of the order's execution to avoid dismissal of her action with prejudice, the circuit court's later dismissal order lacked any findings that the plaintiff's failure to find new legal representation within forty-five days of the order's execution was willful or contumacious. *See Cummings v. Warren Henry Motors, Inc.*, 648 So. 2d 1230, 1232 (Fla. 4th DCA 1995) ("[A] dismissal of an action as a sanction for violating an order of the court is error where the court fails to make an express written finding of a party's willful or deliberate refusal to obey a court order."); *Townsend v. Feinberg*, 659 So. 2d 1218, 1219 (Fla. 4th DCA 1995) ("It is uniformly held that dismissal is a drastic remedy which courts should employ only in extreme situations. Prior to exercising its discretion to grant dismissal based on failure to comply with a court order, the court must make a finding that the failure to comply was willful or contumacious.") (internal citation omitted); *Houchins v. State Farm Ins. Co.*, 881 So. 2d 62, 62 (Fla. 4th DCA 2004) ("Appellants argue the trial court's dismissal of their complaint for failing to attend calendar call or obtain substitute counsel as ordered by the court was error because the court failed to make a finding that appellants' failure to comply was willful or contumacious. Appellee agrees and concedes error. We therefore reverse and remand for further proceedings.").

Fourth, the circuit court – by considering and ruling upon the defendant's motion to dismiss at a hearing when the motion had been filed only one day before, and had not been set for hearing in any fashion, even as an emergency (which the record does not indicate existed) – violated the plaintiff's due process rights. *See Pro-Art Dental Lab, Inc. v. V-Strategic Grp., LLC*, 986 So. 2d 1244, 1252 (Fla. 2008) ("[T]o allow a court to rule on a matter without proper pleadings and notice *is violative of a party's due process rights.*"); *N.C. v. Anderson*, 882 So. 2d 990, 993 (Fla. 2004) ("Procedural due process requires both reasonable notice and a

5

meaningful opportunity to be heard."); *George v. Gilbert*, 268 So. 3d 780, 783 (Fla. 4th DCA 2019) ("[W]hen a court considers issues not noticed for hearing, the court denies the litigant due process, and any ensuing order or judgment must be reversed.") (citation omitted); *Blechman v. Dely*, 138 So. 3d 1110, 1114 (Fla. 4th DCA 2014) ("The denial of due process is fundamental error that can be raised for the first time on appeal.").

### *Conclusion*

Based on the foregoing, we reverse the circuit court's final order granting the defendant's motion to dismiss the plaintiff's action with prejudice. We direct the circuit court to vacate the order and instead enter an order denying the defendant's motion to dismiss.

*Reversed and remanded with directions.*

GROSS and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***