849 So.2d 322 (2003)
William D. HELM, Petitioner,
v.
HILLSBOROUGH COUNTY, Florida, Respondent.
William D. Helm, Appellant,
v.
Hillsborough County, Florida, Appellee.
William D. Helm, Appellant,
v.
Hillsborough County Animal Services, Appellee.
Nos. 2D03-640, 2D03-641, 2D03-642, 2D03-643, 2D03-644, 2D03-645.
District Court of Appeal of Florida, Second District.
March 7, 2003.
*323 William D. Helm, pro se, Petitioner/Appellant.
No appearance for Respondent/Appellees.
PER CURIAM.
On January 3, 2003, this court dismissed eight appeals filed by William D. Helm. In the order of dismissal we recited that in those proceedings, as in others he had previously filed in this court, Helm failed to follow any of this court's orders and had taken, literally, no action following the filing of largely unintelligible notices of appeal. In that same order we directed Helm to show cause why he should not be barred from pursuing further pro se appeals or original proceedings in this court against Hillsborough County or any of its political subdivisions, based upon a history of abuse of process that included twenty-seven such filings since 1999, all of which were dismissed. See State v. Spencer, 751 So.2d 47 (Fla.1999) (requiring that litigants be provided notice and opportunity to respond before restricting their access to courts). Helm has failed to respond to that order to show cause issued in the following consolidated cases: 2D02-5170, 2D02-5171, 2D02-5172, 2D02-5173, 2D02-5190, 2D02-5191, 2D02-5192, and 2D02-5200.
Helm has filed six new proceedings, which have been assigned case numbers 2D03-640 through 2D03-645, and it is within these actions that we now undertake to consider whether his access to this court should be curtailed. We conclude that Helm's access must be restricted to prevent him from continuing to flood this court with unintelligible litigation that utilizes court resources that are better devoted to serving appellate disputes of parties who agree to follow the appellate rules and to respond to this court's orders. At the same time we appreciate our obligation to tailor a remedy that both serves that objective and also allows access to this court in areas in which Helm has not abused the process.
We have examined the five notices of appeal and one petition in Helm's most recently filed proceedings, which are not included in the count of twenty-seven above, but which share the common denominator with all the earlier cases: Hillsborough County, or a political subdivision of it, is the appellee or the respondent in each of them. We consolidate the six new proceedings and observe that each suffers one or more of the same deficiencies identified in the earlier appeals and original proceedings that were dismissed: In the appeals, the notices fail to identify the order appealed by date and nature; or a copy of the subject order is not appended to the notice of appeal; or no order of insolvency or filing fee accompanies the *324 filing; or there is no certificate of service on the notice of appeal; or, more commonly, they suffer from more than one of these deficiencies. The one original proceeding now before the court, largely illegible, has no certificate of service, is not accompanied by a filing fee or an affidavit of insolvency, and is facially insufficient.
In all the prior appeals that Helm has filed, we issued orders directing him to correct procedural deficiencies. He ignored each of those orders. We have no reason to suspect that he is either willing or capable of correcting procedural shortcomings in these latest appeals and one original proceeding; as such, we forego issuing routine orders addressing these procedural inadequacies, which we believe would constitute acts of futility. There is nothing in the notices of appeal or the petition presently before the court that suggests that this court's jurisdiction has been properly invoked. As such, we dismiss these proceedings for lack of jurisdiction.
William D. Helm is hereafter barred from pursuing pro se civil remedies in this court against Hillsborough County or any of its political subdivisions, either by appeal or resort to original proceeding. As such, we direct the clerk of this court, upon receipt of any qualifying notice of appeal or petition filed by Helm pro se, to place the notice or petition in an inactive file and to notify Helm and the circuit court clerk that the matter will not be assigned a case number and that no action will be undertaken upon it.
These consolidated appeals and original proceeding are dismissed.
FULMER, DAVIS, and COVINGTON, JJ., Concur.