886 So.2d 324 (2004)
George MAY, Appellant,
v.
Patrick C. BARTHET, Andrew M. Feldman, Michael K. Winston, John R. Hart, Paul D. Breitner, Glenn Schaeffer, Michael Ensign, Mandalay Resorts Group, Inc., International Game Technology, Inc., G. Thomas Baker, and Charles N. Mathewson, Appellees.
No. 4D04-2800.
District Court of Appeal of Florida, Fourth District.
November 10, 2004.
George May, pro se.
John R. Hart and Michael K. Winston of Carlton Fields, P.A., for appellees Mandalay Resorts Group, Inc., John R. Hart, and Michael K. Winston.
Patrick C. Barthet and Paul D. Breitner of The Barthet Firm, Miami, for appellees International Game Technology, Inc., G. Thomas Baker, Charles N. Mathewson, Patrick C. Barthet, Andrew M. Feldman, and Paul D. Breitner.
GROSS, J.
Appellant, George May, is a pro se litigant who has flooded Florida's courts with lawsuits. With this appeal, appellant seeks reversal of a final order dismissing a complaint with prejudice that he filed against International Game Technologies, Inc., G. Thomas Baker, Charles N. Mathewson, Patrick C. Barthet, Andrew M. Feldman, Paul D. Breitner, Mandalay Resorts Group, Inc., Michael K. Winston, John R. Hart, Glenn Schaeffer, and Michael Ensign (collectively the "appellees"). No legal basis for reversal is apparent from appellant's brief. The brief is rambling and largely unintelligible.
Appellant is the subject of two orders entered by the Fifteenth Judicial Circuit under Florida's Vexatious Litigant Law, section 68.093, Florida Statutes (2003). Those orders prohibit appellant from filing pro se matters in that circuit without first obtaining the signature of an attorney of record or without the court's prior authorization. These restraints were imposed in response to appellant's practice of filing baseless lawsuits which were dismissed, and then refiling those same claims, in new lawsuits, frequently joining as defendants the attorneys and trial judges who participated in the prior proceedings decided against him. Despite those orders, however, the clerk of the circuit court inadvertently *325 accepted appellant's pro se complaint for filing in the instant case.
The Vexatious Litigant Law delineates a statutory dismissal procedure created specifically for correcting such errors. It provides:
If the clerk of the court mistakenly permits a vexatious litigant to file an action pro se in contravention of a prefiling order, any party to that action may file with the clerk and serve on the plaintiff and all other defendants a notice stating that the plaintiff is a pro se vexatious litigant subject to a prefiling order. The filing of such a notice shall automatically stay the litigation against all defendants to the action. The administrative judge shall automatically dismiss the action with prejudice within 10 days after the filing of such notice unless the plaintiff files a motion for leave to file the action.
§ 68.093(5).
Appellees responded to the complaint by initiating that statutory procedure. They filed the necessary notice with the trial court and the matter was heard on July 14, 2004. The circuit court ultimately dismissed the complaint after appellant failed to appear. This appeal followed. We affirm. See Fla. R.App. P. 9.315(a).
Some of the appellees have filed a joint motion requesting, inter alia, that this court enter an order to show cause why appellant should not be prohibited from filing further pro se appeals with this court. For the reasons that follow, the appellees' motion is granted.
Appellant's practices have caused this court (and others) to expend an unreasonable amount of judicial resources disposing of frivolous claims. See, e.g., May v. Int'l Game Tech., Inc., 871 So.2d 242 (Fla. 4th DCA 2004); May v. Allapattah Props. P'ship, 867 So.2d 442 (Fla. 4th DCA 2004); May v. Gen. Elec. Capital Auto Lease, Inc., 661 So.2d 1309 (Fla. 4th DCA 1995); see also May v. Hatter, 2001 WL 579782 (S.D.Fla.2001) (offering a detailed chronology of appellant's similar abuse of Florida's federal court system). This court takes judicial notice of this and prior appeals appellant has filed in this court and finds that his pro se activities have needlessly interfered with the resolution of our other cases.
Further, while Article I, § 21, of the Florida Constitution offers some protection to an individual's access to courts, the fifth district has recognized that:
when one person, by his activities, upsets the normal procedure of the court so as to interfere with the causes of other litigants, it is necessary to exercise restraint upon that person, i.e., [a] requirement that pleadings be accompanied by an attorney's signature  a restraint which does not amount to a complete denial of access.
Platel v. Maguire, Voorhis & Wells, P.A., 436 So.2d 303, 304 (Fla. 5th DCA 1983); accord Kreager v. Glickman, 519 So.2d 666, 668-69 (Fla. 4th DCA 1988). Such restraints are now widely accepted by Florida courts and have been successful in controlling past pro se litigants who have engaged in similarly disruptive activities. See, e.g., Martin v. State, 747 So.2d 386 (Fla.2000); Attwood v. Singletary, 661 So.2d 1216 (Fla.1995); Attwood v. State, 660 So.2d 358 (Fla. 4th DCA 1995); Martin v. Stewart, 588 So.2d 996 (Fla. 4th DCA 1991); Helm v. Hillsborough County, 849 So.2d 322 (Fla. 2d DCA 2003); Peterson v. State, 530 So.2d 424 (Fla. 1st DCA 1988). Based on the foregoing, it is appropriate to impose an attorney signature requirement on appellant to prevent him from continuing his pro se misconduct.
It is therefore ordered and adjudged that:
*326 No later than within twenty days after the entry of this order, appellant shall show cause in writing why this court should not prohibit him from filing further pro se appeals in this court without first obtaining the signature of an attorney of record who is licensed to practice law in Florida. After appellant's response to this order, the appellees shall have ten days to reply in writing.
SHAHOOD and HAZOURI, JJ., concur.