934 So.2d 1184 (2006)
George MAY, Petitioner,
v.
Patrick C. BARTHET, et al., Respondents.
No. SC04-2270.
Supreme Court of Florida.
June 22, 2006.
*1185 George May, pro se, Palm Beach Gardens, FL, for Petitioner.
John R. Hart and Michael K. Winston of Carlton Fields, P.A., on behalf of Mandalay Resorts Group, Inc., West Palm Beach, FL; Patrick C. Barthet and Paul D. Breitner of the Barthet Firm, Miami, FL, for Respondents.
PER CURIAM.
On November 18, 2004, petitioner George May filed a notice of appeal seeking review of the Fourth District Court of Appeal's decision in May v. Barthet, 886 So.2d 324 (Fla. 4th DCA 2004),[1] which has been treated as a notice to invoke this Court's discretionary jurisdiction. Since his initial filing in this case, May also has filed a "Petition for Extra Ordinary Writ Awarding Treble the Amount of All Contract's that Are Pending in All Cases in All State of Florida Courts in Damages for George May, and His Joint Venture Partners and Against all Defendant's Including Case Number Case No: CA 04 8739 AN, Which is Part of this Case Herein" and a "Notice of the Automatic Payment of all *1186 Attorney Fee's, Costs by the State of Florida, Required by Florida Statutes § 73.092." Additionally, since March 2004, May has initiated eleven other proceedings in this Court. The Court has never granted May the relief he has requested in any of these various proceedings. See May v. Bender Farms, Inc., 904 So.2d 431 (Fla. 2005) (mandamus petition denied); May v. Fla. Dep't of Transp., 907 So.2d 518 (Fla. 2005) (mandamus petition denied); May v. S. Fla. Water Mgmt., 906 So.2d 1058 (Fla. 2005) (mandamus petition denied); May v. Patrissy, 902 So.2d 790 (Fla.2005) (petition for review denied); May v. Turner Groves Ltd. P'ship, 906 So.2d 1059 (Fla.2005) (mandamus petition denied); May v. Martino, 903 So.2d 189 (Fla.2005) (petition for review dismissed); May v. 714 Group, L.C., 900 So.2d 553 (Fla.2005) (mandamus petition denied); May v. Curtis, 891 So.2d 551 (Fla.2004) (petition for review dismissed); May v. Lumpkin, 890 So.2d 1115 (Fla.2004) (petition for review dismissed); May v. Allapattah Props. P'ship, 888 So.2d 622 (Fla.2004) (petition for review denied); May v. Int'l Game Tech., Inc., 873 So.2d 1223 (Fla.2004) (petition for review dismissed). Most if not all of these petitions were devoid of merit, as is the instant petition.[2]
Moreover, the Court notes that other state and federal courts have imposed sanctions on May for initiating multiple frivolous pro se proceedings. See May v. Hatter, No. 00-4115-CIV-MOORE, 2001 WL 579782 (S.D.Fla. May 15, 2001), at *1, *4-*5 (noting the need to impose a more restrictive sanction due to May's violations of the court's prior order and barring May from initiating future actions in the court without first obtaining leave therefrom); In re May, No. 00-2266-CIV-JORDAN, 2000 WL 1276943, at *4 (S.D.Fla. Aug.31, 2000) (ordering that May is "enjoined from filing any more frivolous, baseless, or repetitive lawsuits in this or any federal district court" and that he post a $1500 contempt bond before filing any other lawsuits in the court); May v. Barthet, No. 4D04-2800 (Fla. 4th DCA Dec.3, 2004) (barring May from filing any further appeals or petitions in the court unless signed by a member of The Florida Bar); May v. Allapattah Properties P'ship, No. 04-675 CA (Fla. 19th Cir.Ct. Jan. 24, 2005) (barring May from filing any further pleadings in the court unless signed by a member of The Florida Bar); May v. Barthet, No. 502004 CA004938 XXXXMB (Fla. 15th Cir.Ct. July 15, 2004) (barring May from commencing any further pro se actions in the court without first obtaining leave therefrom); May v. Glassman, No. 98-005841 AB (Fla. 15th Cir.Ct. Dec. 18, 1998) (barring May from filing any further pleadings in the court unless signed by a member of The Florida Bar or without first obtaining written approval from the court).
Due to his numerous meritless petitions filed in this Court, May was ordered, on April 25, 2006, to show cause why this Court should not find that he has abused the legal system and impose upon him a sanction for such abuse, including but not limited to directing the Clerk of this Court to reject for filing any future pleadings, petitions, motions, letters, documents, or other filings submitted to this Court by him unless signed by a member of The Florida Bar.
May has not responded to this Court's order to show cause and therefore has failed to show cause why he should not *1187 be sanctioned. This Court and the United States Supreme Court have, when deemed necessary, exercised the inherent judicial authority to sanction an abusive litigant. See, e.g., Martin v. District of Columbia Court of Appeals, 506 U.S. 1, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992); In re Sindram, 498 U.S. 177, 111 S.Ct. 596, 112 L.Ed.2d 599 (1991); In re McDonald, 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989); Sibley v. Florida Judicial Qualifications Comm'n, 31 Fla. L. Weekly S268, ___ So.2d ___, 2006 WL 1096636 (Fla. Apr. 27, 2006); Armstead v. State, 817 So.2d 841 (Fla.2002); Peterson v. State, 817 So.2d 838 (Fla.2002); Jackson v. Fla. Dep't of Corr., 790 So.2d 398 (Fla.2001); Rivera v. State, 728 So.2d 1165 (Fla.1998); Attwood v. Singletary, 661 So.2d 1216 (Fla. 1995). One justification for such a sanction lies in the protection of the rights of others to timely review of their legitimate filings. See Martin, 506 U.S. at 3, 113 S.Ct. 397 (imposing sanction where petitioner's filings for certiorari review had a deleterious effect on the Court's fair allocation of judicial resources); see also Peterson, 817 So.2d at 840 ("This Court has a responsibility to ensure every citizen's right of access to the courts.. .. A limitation on [the petitioner's] ability to file would further the constitutional right to access for other litigants because it would permit this Court to devote its finite resources to the consideration of legitimate claims filed by others."). As noted by the United States Supreme Court, "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." In re McDonald, 489 U.S. at 184, 109 S.Ct. 993.
Upon a thorough review of May's filings in this Court, we conclude that May has abused the processes of the Court and has hindered the ability of this Court to properly resolve those matters that are properly before the Court. We conclude that on this record, sanctions are merited. Accordingly, in order to preserve the right of access for all litigants and promote the interests of justice, the Clerk of this Court is hereby instructed to reject for filing any future pleadings, petitions, motions, documents or other filings submitted by George May unless signed by a member in good standing of The Florida Bar. Under the sanction herein imposed, May is not wholesale being denied access to the courts. He may petition the Court through the assistance of counsel whenever such counsel determines that the proceeding may have merit and can be filed in good faith. However, May's frivolous and abusive filings must immediately come to an end. Further, if George May submits a filing in violation of this order, he may be subjected to further contempt proceedings or other appropriate sanctions.
It is so ordered.
WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur. PARIENTE, C.J., recused.
NOTES
[1] The Fourth District considered a challenge to the Fifteenth Judicial Circuit's application of the Vexatious Litigant Law, section 68.093, Florida Statutes (2003), to the petitioner. The Fourth District found that May was previously barred from filing pro se matters in the Fifteenth Judicial Circuit without obtaining that court's authorization or the signature of an attorney. However, the clerk of the circuit court had accidentally accepted and filed a complaint submitted by May. In response, the defendants filed a notice pursuant to the Vexatious Litigant Law that creates a procedure for correcting such errors. The trial court ultimately dismissed the complaint after May failed to appear at a hearing on the notice. The Fourth District affirmed the decision of the trial court. Further, finding that May had caused the court to expend an unreasonable amount of judicial resources on his frivolous claims, the Fourth District ordered May to show cause why he should not be barred from further pro se appeals in the Fourth District without the signature of an attorney licensed to practice law in Florida. May, 886 So.2d at 324-26.
[2] By separate orders issued simultaneously with this opinion, we have dismissed May's petition for review and disposed of May's other filings in this case.