FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2022-1650
_____

LARRY L. DORTLEY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Columbia County.
Mark E. Feagle, Judge.

March 27, 2024


PER CURIAM.

Larry L. Dortley was convicted of murder and armed burglary over forty years ago, receiving a life sentence. He did not file a direct appeal but continues to file postconviction motions or petitions recycling claims that have already been rejected.

In this case, for example, Dortley argues that his detention is illegal because the trial court failed to find him competent before trial. The postconviction court denied his claim as successive, explaining that Dortley had previously brought a nearly identical claim and did not obtain relief in that court or on appeal. The court also cautioned Dortley about filing frivolous claims in the future. Undeterred, Dortley brought this appeal.

We affirm. *See Dougherty v. State*, 149 So. 3d 672, 676 (Fla. 2014) (holding that a defendant's claim that he was incompetent to proceed at trial was procedurally barred because he did not raise the issue on direct appeal); *Zuluaga v. State*, 32 So. 3d 674, 676–77 (Fla. 1st DCA 2010) (explaining that "[h]abeas corpus is not a vehicle for obtaining additional appeals of issues which were raised or should have been raised on direct appeal, or which could have been, should have been, or were raised in post-conviction proceedings").

We also write to address Dortley's abuse of process in this Court. Our records reflect that Dortley has filed thirteen appeals or petitions here relating to his 1983 judgment and sentence in Columbia County Circuit Court Case No. 82-99-CF. *See* First District Case Nos. 1D2022-1650, 1D21-0671, 1D20-0812, 1D19-4261, 1D18-3932, 1D10-5318, 1D10-2119, 1D10-0130, 1D08-2935, 1D08-2936, 1D90-1440, 1D89-1913, and BE-265. In Case No. 1D89-1913, the sole case in which he obtained any relief, this Court reversed on procedural grounds and without reaching the merits of his claims.

Like the postconviction court, we have previously warned Dortley about pursuing frivolous claims. *See Dortley v. State*, 285 So. 3d 938 (Fla. 1st DCA 2019). His filings, like all papers filed in this Court, require the Court to expend scarce judicial resources. *May v. Barthet*, 934 So. 2d 1184, 1187 (Fla. 2006). Part of our responsibility is "to see that these resources are allocated in a way that promotes the interests of justice." *Id.* (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). This Court is imbued with the inherent power to sanction litigants who abuse the legal system. *See id.* We find that Dortley has reached the point of deserving to be sanctioned. *See Ferris v. State*, 100 So. 3d 142, 144 (Fla. 1st DCA 2012) (Wetherell, J., concurring) ("The postconviction process and the appellate courts do not exist simply to give prisoners something to do while they serve their sentences, and there comes a point in every criminal case that the defendant needs to accept the finality of his judgment and sentence and just do his time.").

Accordingly, Dortley shall show cause within twenty days why sanctions should not be imposed on him, including a prohibition on

2

further pro se filings in this Court. *See State v. Spencer*, 751 So. 2d 47, 48–49 (Fla. 1999). We also refer this matter to the Department of Corrections for disciplinary action under section 944.279, Florida Statutes (2023).

AFFIRMED.

LEWIS, RAY, and KELSEY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Larry L. Dortley, pro se, Appellant.

Ashley Moody, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.