FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-1780
_____

SPENCER D. DANIELS,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition for Writ of Habeas Corpus—Original Jurisdiction.


April 24, 2024


PER CURIAM.

Spencer D. Daniels petitions this Court for a writ of habeas corpus to correct a manifest injustice and obtain immediate release from prison. Because each of his claims could have been raised on direct appeal or in an appropriate postconviction motion, we dismiss the petition as unauthorized. *See Baker v. State*, 878 So. 2d 1236, 1245–46 (Fla. 2004); *Beiro v. State*, 289 So. 3d 511, 511 (Fla. 3d DCA 2019) (noting that "[t]he mere incantation of the words 'manifest injustice' does not make it so.").

We also write to address Daniels's abuse of process in this court. Our records reflect that Daniels has filed seven additional appeals or petitions here relating to his 2005 judgment and sentence in Leon County Circuit Court Case No. 2003-CF-3077.

*See* First District Case Nos. 1D05-3044, 1D11-1927, 1D11-2378, 1D12-4468, 1D16-2081, 1D18-2603, and 1D20-3157. He has not obtained relief in any of these cases.

This Court has previously warned Daniels about filing frivolous claims. *See Daniels v. State*, 312 So. 3d 1029 (Fla. 1st DCA 2021). His filings, like all papers filed in this Court, require the Court to expend scarce judicial resources. *May v. Barthet*, 934 So. 2d 1184, 1187 (Fla. 2006). Part of our responsibility is "to see that these resources are allocated in a way that promotes the interests of justice." *Id.* (quoting *In re McDonald*, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989)). This Court is imbued with the inherent power to sanction litigants who abuse the legal system. *See id.* We find that Daniels has reached the point of deserving to be sanctioned. *See Ferris v. State*, 100 So. 3d 142, 144 (Fla. 1st DCA 2012) (Wetherell, J., concurring) ("The postconviction process and the appellate courts do not exist simply to give prisoners something to do while they serve their sentences, and there comes a point in every criminal case that the defendant needs to accept the finality of his judgment and sentence and just do his time.").

Accordingly, pursuant to section 944.279, Florida Statutes, we direct the Clerk to forward a certified copy of this opinion to the Department of Corrections for appropriate disciplinary action against Daniels. We also order Daniels to show cause within twenty days why additional sanctions should not be imposed on him, including a prohibition on further pro se filings in this Court. *See State v. Spencer*, 751 So. 2d 47, 48–49 (Fla. 1999).

B.L. THOMAS, RAY, and KELSEY, JJ., concur.

―――――――――――――

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

―――――――――――――

Spencer D. Daniels, pro se, Petitioner.

Ashley Moody, Attorney General, Tallahassee, for Respondent.