# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-2192
_____

ACE ROBERT PATTERSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Madison County.
Melissa G. Olin, Judge.

May 29, 2024

PER CURIAM.

Over twenty-five years ago, Ace Robert Patterson was convicted of burglary of a dwelling with a battery, aggravated kidnapping of a child, and two counts of capital sexual battery. He received a sentence that included two life terms of imprisonment. This Court per curiam affirmed the judgment and sentence. *See Patterson v. State*, 736 So. 2d 1185 (Fla. 1st DCA 1999).

In April 2022, Patterson filed a postconviction motion under Florida Rule of Criminal Procedure 3.850, arguing that he was denied his right to a twelve-person jury and that the prosecutor made improper comments in front of the jury. The postconviction court denied the motion as untimely, successive, and not

cognizable. The circuit court properly denied the motion, and we affirm the order below without further comment.

We also write to address Patterson's abuse of process in this Court. Our records reflect that he has filed at least ten appeals or petitions here related to his 1998 judgment and sentence in Madison County Circuit Court Case Number 1997-CF-0171. *See* First District Case Numbers 1D00-4379, 1D00-4998, 1D01-0610, 1D01-1837, 1D01-3364, 1D08-5127, 1D09-0003, 1D09-0693, 1D10-1755, and 1D16-3372. Patterson has not obtained relief in any of these cases, and his current appeal is frivolous.

We have warned Patterson about pursuing frivolous claims. *See Patterson v. State*, 788 So. 2d 397 (Fla. 1st DCA 2001). His filings, like all papers filed in this Court, require the Court to expend scarce judicial resources. *See May v. Barthet*, 934 So. 2d 1184, 1187 (Fla. 2006). Part of our responsibility is "to see that these resources are allocated in a way that promotes the interests of justice." *Id.* (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). This Court is imbued with the inherent power to sanction litigants who abuse the legal system. *See id.* We find that Patterson has reached the point of deserving to be sanctioned. *See Ferris v. State*, 100 So. 3d 142, 144 (Fla. 1st DCA 2012) (Wetherell, J., concurring) ("The postconviction process and the appellate courts do not exist simply to give prisoners something to do while they serve their sentences, and there comes a point in every criminal case that the defendant needs to accept the finality of his judgment and sentence and just do his time.").

Accordingly, Patterson shall show cause within twenty days why sanctions should not be imposed on him, including a prohibition on further pro se filings in this Court. *See State v. Spencer*, 751 So. 2d 47 (Fla. 1999). We also refer this matter to the Department of Corrections for disciplinary procedures under section 944.279, Florida Statutes.

AFFIRMED.

ROBERTS, RAY, and KELSEY, JJ., concur.

2

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Ace Robert Patterson, pro se, Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.