FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-2477
_____

DAMANTA JAMAR MURPHY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
John Jay Gontarek, Judge.

July 3, 2024


PER CURIAM.

This Court issued an order on May 17, 2024, pursuant to *State v. Spencer*, 751 So. 2d 47 (Fla. 1999), requiring Appellant to show cause why he should not be sanctioned for his multiple meritless and frivolous pro-se filings in this Court related to his judgment and sentence in Okaloosa County Circuit Court case number 2012-CF-2373 (consolidated below with case numbers 12-2265, 12-2266, 12-2369, 12-2370, 12-2371, and 12-2372). Our records show that Appellant has filed fourteen (14) cases in this Court related to his judgment and sentence: 1D13-5652, 1D16-2113, 1D16-2115, 1D19-196, 1D19-254, 1D19-4492, 1D20-490, 1D20-598, 1D20-900, 1D20-2738, 1D20-2740, 1D22-1058, 1D23-2731, and this case. Appellant

has not obtained relief in any of these cases, his current appeal is frivolous, and he has 36 years remaining on his prison sentence.

Appellant has failed to respond timely to the show-cause order, and therefore fails to show any justification for these filings or any reason why he should not be sanctioned. We find Appellant's repeated meritless filings a hindrance to this Court's ability to devote its resources to the timely consideration of genuine disputes and legitimate, colorable claims. *See Pettway v. McNeil*, 987 So. 2d 20, 22–23 (Fla. 2008); *see also Ferris v. State*, 100 So. 3d 142, 144–45 (Fla. 1st DCA 2012) (Wetherell, J., concurring) (explaining appellant's filings, like all papers filed in this Court, require the Court to expend scarce judicial resources). This Court is required "to see that these resources are allocated in a way that promotes the interests of justice." *May v. Barthet*, 934 So. 2d 1184, 1187 (Fla. 2006) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). To carry out that responsibility, this Court is imbued with the inherent power to sanction litigants who abuse the legal system. *See id*. We find Appellant has reached the point of deserving to be sanctioned. *See Ferris v. State*, 100 So. 3d 142, 144 (Fla. 1st DCA 2012) (Wetherell, J., concurring) ("The postconviction process and the appellate courts do not exist simply to give prisoners something to do while they serve their sentences, and there comes a point in every criminal case that the defendant needs to accept the finality of his judgment and sentence and just do his time.").

Accordingly, Appellant, DAMANTA JAMAR MURPHY, DOC# P51798, is barred from any further pro se filings in this Court related to or arising out of his conviction or incarceration for Okaloosa County Circuit Court case number 2012-CF-2373 or the related cases. We instruct the Clerk of this Court to reject any of the same he submits, unless signed by a member in good standing of The Florida Bar. **This prohibition includes any response or motion directed to this Order.**

If Appellant violates this Order, he will be subject to contempt proceedings and other appropriate sanctions including a complete bar on all pro-se filings in this Court. We hereby direct the Clerk to forward a certified copy of this Order to the facility in which Appellant is incarcerated for any disciplinary action that may be considered appropriate. *See* §§ 944.279, 944.28, Fla. Stat.

So Ordered.

Roberts, Ray, and Kelsey, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Damanta Jamar Murphy, pro se, Appellant.

No appearance for Appellee.